In the Matter of SENATE BILL NO. 630, now appearing as Chapter 342, Laws of the Second Regular Session of the 43rd Legislative Assembly, relating to Bar Examination.

No. 12780.
Decided June 21, 1974.
523 P.2d 484.

ORDER

PER CURIAM:

On March 29, 1974, Senate Bill No. 630, which had been passed by both Houses of the Legislature and approved by the governor was filed in the office of the Secretary of State as Chapter 342 of the Second Regular Session of the 43rd Legislative Assembly.

This Act purports to amend section 93-2002, R.C.M. 1947, so as to establish regulations for the admission of attorneys and counselors to the practice of law in the State of Montana.

The Court considers this matter on its own motion because applications have been made orally and in writing seeking permission to take the October, 1974, bar examination by virtue of this Act and the publicity given to its passage.

We would like to set forth briefly the situation of those applying in writing.

Nathan B. Goldberg, a resident of Skokie, Illinois, filed a declaration of registration on August 27, 1963, but never fulfilled the residency requirement. He applied to take the 1973 bar examination and permission was granted. He failed to appear and as noted before he had been registered for a period of more than ten years and never appeared to take the examination at any time.

Dr. Gerald E. McCabe, a resident of Chicago, Illinois, filed a declaration of registration on May 8, 1961, took the examination and failed to pass in the years of 1963 and 1964. He submitted an application to take the examination again in 1966 but permission was denied.

Norton T. Zeman, a resident of Chicago, Illinois, filed a declaration of registration on November 21, 1969. He applied to take the 1970 examination but permission was denied. He again applied to take the 1973 examination and took the examination but failed to pass.

It might also be stated that the Court was extremely liberal in granting permission to take the 1973 examination since it would be the last time that home study and correspondence school students would be permitted to take our bar examination as will be hereafter discussed.

Turning now to section 93-2002, R.C.M. 1947, which was originally enacted as section 391 of the 1895 Code of Civil Procedure, and in Section 396 of the 1895 Code of Civil Procedure, enacted at the same time as Section 391, this provision was made:

"The Supreme Court may establish rules for the admission of attorneys and counselors not inconsistent with this chapter."

This Court established rules governing the admission of attorneys more than a half century ago. For example see 30 Montana Reports XXIX, Rule XXII, taking effect on February 1, 1905, on which day all previous rules were repealed.

Following a study of our experience with those applying to take the bar examination over the years we amended our rule with respect to admission of attorneys (Rule VI), effective January 1, 1966. We continued our study during the following years, particularly with respect to the extremely limited number of those studying law in offices or at home and by correspondence courses who were successful in passing the bar examination. We interviewed applicants who were unsuccessful in passing the bar examinations and we were informed that the examination appeared to them to be fair but they did not know the answers. We discussed the situation with the board of bar examiners and were assured by them that their examinations were thorough but fair. At various times justices on this Court have examined the questions, answers and ratings given and they have always found the questions and ratings given to be liberal and fair. Based upon this study of our experience the Court unanimously on July 24, 1969, amended its rules to require that an applicant for admission to our Bar must be a graduate of a law school approved by the American Bar Association. The American Bar Association regularly investigates all law schools in our country and requires that they meet certain standards of excellence before approving them.

To give fair treatment to all persons who had previously registered with the Court as a student studying law in other than an approved law school, this proviso was added:

"Any person who has filed a declaration for registration as provided by this section before its repeal effective January 1, 1970, shall have a period of three years in which to complete his studies and will be permitted to apply, and if found quali-

fied, to take the bar examinations to be given in the month of October in the years 1970, 1971, 1972 and 1973."

This proviso was followed to the letter and all persons who were qualified and applied to take the examination were permitted to do so.

Notice of this change in our rules and the proviso clause was given by letter to all students who were registered as studying law other than in approved college law schools.

Thereafter, and in 1972, a Constitutional Convention was held in Montana and a proposed new Constitution was approved by it on March 22, 1972. It was thereafter submitted to a vote of the people of the state and was ratified on June 6, 1972, to become effective, so far as we are here concerned, on July 1, 1973. This Constitution provided in Art. VII, Section 2(3), dealing with the jurisdiction of this Supreme Court, in part as follows:

"(3) It may make rules governing  *  *  *  admission to the bar and the conduct of its members.  *  *  *"

On July 16, 1973, this Court by order provided:

"Under Art. VII, Sec. 3, Constitution of the State of Montana of June 6, 1972, this Court adopts all its rules of  *  *  * admission to the bar and the conduct of its members  *  *  * and Rules for Admission to the Bar and Canons of Ethics as they were published, adopted and in effect as of July 1, 1973 *  *  *."

The Constitution having provided that the Court may make rules governing admission to the bar, and the Court having by its order of July 16, 1973, adopted all its rules with respect to admission to the bar, the Legislative Assembly by the passage of Senate Bill No. 630 violated the provisions of Art. III, Sec. 1, providing for a separation of powers in these words:

"The power of the government of this state is divided into three distinct branches—legislative, executive, and judicial. No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly

belonging to either of the others, except as in this constitution expressly directed or permitted."

For these reasons Senate Bill No. 630, now appearing as Chapter 342, Laws of the Second Regular Session of the 43rd Legislative Assembly is patently unconstitutional, void and of no effect.