No. 13092

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE MATTER OF THE PETITIONS
OF GERALD E. McCABE and NORTON
ZEMAN, for Admission to the Bar
by examination

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioners:

Thomas A. Dooling argued, Dillon, Montana

For Respondent:

Hughes, Bennett and Cain, Helena, Montana
Alan F. Cain argued, Helena, Montana

---

Submitted: September 10, 1975

Decided: OCT - 1 1975

Filed: OCT - 1 1975

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an original proceeding, ancillary to petitioners' petitions for admission to the Bar by examination. Petitioners here, among others, petitioned for a rehearing of this Court's decision in In re Senate Bill No. 630, 164 Mont. 366, 523 P.2d 484, 31 St.Rep. 479, which was decided upon the Court's own motion. Rehearing was denied August 26, 1974.

Subsequently, on July 9, 1975, petitioners filed a petition requesting permission to file a brief and be heard in oral argument in connection with their petitions for admission by examination and the Court's ruling with respect to Senate Bill No. 630. The petition was granted by court order of July 21, 1975.

On Wednesday, September 10, 1975, petitioners appeared by counsel, Thomas A. Dooling, Dillon, Montana. The State Bar of Montana appeared in opposition through its counsel Alan F. Cain, of the firm of Hughes, Bennett & Cain and Stuart L. Kellner of Helena, Montana. Briefs were filed and oral arguments had before the Court and the matter submitted.

The sole issue presented to the Court at this time is whether or not the Court's construction of Article VII, section 2(3), 1972 Montana Constitution, as set forth in In re Senate Bill No. 630, was so manifestly wrong as to require that it now be overturned.

Article VII, Section 2, 1972 Montana Constitution provides:

"Section 2. Supreme court jurisdiction. (1) The supreme court has appellate jurisdiction and may issue, hear, and determine writs appropriate thereto. It has original jurisdiction to issue, hear and determine writs of habeas corpus and such other writs as may be provided by law.

"(2) It has general supervisory control over all other courts.

"(3) It may make rules governing appellate procedure, practice and procedure for all other courts,

admission to the bar and conduct of its members. Rules of procedure shall be subject to disapproval by the legislature in either of the two sessions following promulgation.

"(4) Supreme court process shall extend to all parts of the State." (Emphasis added)

Petitioners dwell at length on the history of admission of attorneys, inherent power and legislative grants of power but do not argue that the 1972 Montana Constitution speaks directly to the question at hand and is completely dispositive of the issue.

Petitioners have already taken and failed the Montana Bar Examination--on two occasions in the case of petitioner McCabe. As noted by petitioners in their brief, unless this Court's decision in In re Senate Bill No. 630 is overturned by this Court, petitioners have no standing to apply to take the Montana Bar Examination in 1975.

With petitioners' applications to take the 1974 Montana Bar Examination before it, this Court examined Rule XXV B2 of the rules of this Court which disqualifies persons who did not graduate from a law school accredited by the American Bar Association from applying to take the Montana Bar examination in all cases after December 31, 1973.

The matter of In re Senate Bill No. 630 was occasioned by the passage by the 1974 Montana legislature of an amendment to section 93-2002(2), R.C.M. 1947, which purported to extend the privilege of taking the Montana Bar Examination to nongraduates of accredited law schools to December 31, 1975.

Such action by the legislature was in direct conflict with Article VII, Section 2(3), 1972 Montana Constitution, thus requiring this Court to construe and interpret the foregoing Constitutional provision in order to rule on applications for the 1974 Bar Examination. In doing this, the Court specifically held

- 3 -

that the attempt by the legislature in Senate Bill No. 630 to control the qualifications of those who practice before this Court violated the provisions of Article VII, Section 2(3) of the 1972 Montana Constitution and the provisions of that Constitution relating to separation of powers.

By brief and in oral argument before the Court, in the instant proceedings, petitioners have failed to demonstrate any sufficient reason for this Court to overturn its construction of Article VII, Section 2(3), 1972 Montana Constitution, and further failed to demonstrate why this Court should depart from the time honored rule that questions once presented and decided should be considered settled.

The rule is clearly stated in ~~Perry~~ *Perry* v. Dist. Ct., 145 Mont. 287, 310, 400 P.2d 648:

> "'The general rule is that when the highest court of a state has construed a constitutional provision, the rule of <u>stare decisis</u>--that a question once deliberately examined and decided should be considered as settled--applies, unless it is demonstrably made to appear that the construction manifestly is wrong. Decisions construing the Constitution should be followed, in the absence of cogent reasons to the contrary, as it is of the utmost importance that our organic law be of certain meaning and fixed in interpretation."

This Court measured Senate Bill No. 630 against Art. VII, Section 2(3) and Article III, Section 1 of the 1972 Montana Constitution. In the course of such examination the Court construed the language of Article VII, Section 2(3) as vesting in the Court the exclusive control over the admission of attorneys and to make rules governing admission to the bar and struck down Senate Bill No. 630 as violating the Constitutional mandate calling for separation of powers.

In their brief petitioners devote considerable time and effort to a sematic argument wherein petitioners attempt to show that a reading of Article VII, Section 2(3), 1972 Montana Constitution, leads irresistibly to the conclusion that the legislature

- 4 -

was granted the authority to disapprove rules for admission of attorneys which might be promulgated by this Court.

Petitioners then launch a secondary discussion based on the application of the doctrine of ejusdem generis, citing Aleksich v. Industrial Acc.Fund, 116 Mont. 127, 139, 151 P. 1016, where that doctrine is defined as:

> " * * * where an enumeration of specific things is followed by some more general word or phrase, such general phrase is to be held to refer to things of the same kind as those enumerated." (Emphasis supplied).

We do not have that situation here. We have a specific enumeration in one sentence and a specific and unambiguous grant of veto power in the next full sentence. In Burk v. Montana Power Co., 79 Mont. 52, 64, 255 P. 337, this Court held:

> "The rule ejusdem generis is only a rule intended to aid the court in arriving at the intention of the legislature and cannot be invoked where its application would result in a disregard of plain and unambiguous language used in the statute."

Nothing can be gained by engaging in a sematic fencing contest here, but rather a short and obvious discussion of the construction of the constitutional provision will better serve this opinion.

Constitutional provisions like statutes are to be construed utilizing the same rules as apply to statutes. Martien v. Porter, 68 Mont. 450, 219 P. 817. A familiar rule of statutory construction often cited by this Court is that the language used must be reasonably and logically interpreted, giving words their usual and ordinary meaning. Burritt and Safeway v. City of Butte, 161 Mont. 530, 508 P.2d 563; Stafford v. Fox-Great Falls Theatre Corp., 114 Mont. 52, 132 P.2d 689. Applying such rules to the provision in question it is clear that the construction placed upon it by this Court not only satifies the rules but is the only reasonable interpretation of which the language of the provision will admit.

- 5 -

The subject provision grants to the Supreme Court the right to make rules for five enumerated items. Only two of those items relate to rules of procedure, viz: (1) appellate procedure and (3) procedure for all other courts. The second sentence of subdivision (3) obviously means, without the necessity for any strained construction, that as to rules of appellate procedure and rules of procedure for other courts, such as the Montana Rules of Civil Procedure, the promulgation of such rules is subject to disapproval by the legislature. As to rules which might be promulgated by the Court relative to practice, admission to the Bar, and conduct of members of the Bar, the legislature is given no such veto authority. Under the principle of separation of powers it follows then that the Supreme Court was given exclusive authority to promulgate such rules.

Any other construction of the subject constitutional provision, such as that suggested by petitioners, would not only strain the language used by the framers of the Constitution to the breaking point, but would lead to the unseemly condition where this Court's attempt to regulate the conduct of members of the Bar and the qualifications for admission to the Bar, matters peculiarly and traditionally within its competence, would be constantly subject to ineffectual interference by the legislature. Ineffectual, since even under petitioners' view, the legislature could merely veto rules and would have no power to propose rules of its own.

If the doctrine of separation of powers, which is specifically embodied in the 1972 Montana Constitution, is to mean anything, then even according to petitioners, this Court must have the authority to control the practice of law. The framers of the Constitution recognized this and clearly provided this Court with such exclusive authority in Article VII, Section 2(3).

We have considered and decided the precise issues raised by petitioners herein, and in the absence of any compelling arguments by petitioners to do otherwise, the petitions are denied and ordered dismissed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 7 -