No. 83-169

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

———————————————————————

ADA J. HARLEN, SHAUN R. THOMPSON
and RICHARD L. PARISH, d/b/a HARLEN,
THOMPSON & PARISH, a partnership,

                    Plaintiffs and Appellants,

     -vs-

THE CITY OF HELENA, a political
subdivision of the State of Montana,

                    Defendant and Respondent.

———————————————————————

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

          For Appellants:

               Shaun R. Thompson argued; Harlen, Thompson &
               Parish, Helena, Montana

          For Respondent:

               Jeffrey Sherlock argued, City Attorney, Helena,
               Montana

          For Amicus Curiae:

               Charles F. Moses for Yellowstone County Bar Assoc.,
               Billings, Montana
               Peterson, Schofield & Leckie for City of Billings,
               Billings, Montana

                         Submitted:   September 13, 1983

                         Decided:   January 26, 1984

Filed:   JAN 2 1984

*Ethel M. Harrison*
————————————————————————————
                    Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

Plaintiffs filed a complaint in September, 1982, challenging the validity of a Helena city ordinance. The matter was brought before the District Court of the First Judicial District, Lewis and Clark County, the Hon. Mark P. Sullivan presiding. Plaintiffs and the defendant City sought summary judgment, there being no factual disputes. The trial court heard oral argument and accepted written briefs, and entered its findings of fact and conclusions of law and summary judgment for the defendant City on March 22, 1983. Plaintiffs appeal from the findings, conclusions and judgment of that court. For the reasons stated below, we reverse the judgment of the trial court.

The City of Helena operates under a charter and exercises self-government powers. As such, it may exercise any power not prohibited by the Montana Constitution, state statute, or provisions of its charter. Mont. Const. art. XI, Section 6; Section 7-1-101, MCA. Pursuant to this authority, and following a public hearing, the Helena City Commission adopted Ordinance No. 2188, denominated "An Ordinance Establishing A Required Business License Fee For Businesses in Helena, Montana." This ordinance was officially adopted September 21, 1981 and is now codified at Helena Mont., City Code Sections 4-1-16-1 to 16-22 (1982). For the purposes of this opinion, all citations to the ordinance will be to the original uncodified version.

According to the terms of the ordinance, all persons, firms, associations or corporations carrying on business in Helena must apply for the general business license and pay

-2-

an annual fee based on the number of persons working for the individual or entity receiving the license. See, Sections 2, 18 and 20, Ordinance 2188. The application is reviewed by the police and fire departments and also the city building inspector, ostensibly to give these authorities an opportunity to inspect for compliance with fire, building and sanitation codes. In addition, the police department is made aware of the existence of local businesses and can then patrol these businesses to prevent security problems. Section 11 further defines the scope of regulation:

> "Licensee Subject to Regulation. Every person licensed under the provisions of this Chapter shall be subject to regulation, inspection, control and supervision under the general police powers of the City and of all of the provisions of this Code and ordinances of this City now in force, or which may hereafter be adopted in aid of such police power and regulation."
> (emphasis added)

In addition, Section 7 provides that a business license may be revoked and cancelled "for fraud or misrepresentation in its procurement, or for a violation of any of the provisions of this code or any other ordinance of the City, or any State or Federal Statute." No individual, firm, association or corporation may conduct its trade, profession or vocation without this license, Section 18. Persons or entities who live or maintain operations outside Lewis and Clark County do not need a license to conduct business if they deal with licensed businesses in the city exclusively by "salesmen, telephone or mail." Section 18.

Ordinance 2188 does not provide penalties for violations. However, general penalties for all ordinances

-3-

are found in Helena, Mont., Code Sections 1-3-1 to 1-3-4 (1982). These include a $500 fine and/or six months imprisonment for violation of any section of the code without a specific penalty provision; incarceration and fines for wilful default of fine payments; public service work while serving jail time; and revocation of any city license. In addition, all property used in one's profession is subject to a lien for the amount of any license fee due. This penalty is cumulative and in addition to the penalties described above. See Helena, Mont., Code Section 4-1-4 (1982).

Plaintiffs, attorneys practicing within the city limits, received notice of the ordinance application and fee requirements early in 1982. They challenged the fee as contrary to Section 37-61-211(3), MCA, which provides that "[n]o license tax shall be imposed upon attorneys by a municipality or any other subdivision of the state." City authorities held enforcement of the ordinance in abeyance while seeking an attorney general's opinion on its validity. Although the attorney general did not make a specific determination as to the legality of Ordinance 2188, he concluded that any state statute, standing alone, that prohibited local governments from licensing certain professions or occupations did not apply to a local government with self-government powers like Helena unless the statute was made specifically applicable to a self-governing authority. See, 39 Op. Att'y. Gen. No. 60 (1982).

Plaintiffs, dissatisfied with this opinion, pressed their complaint in district court, challenging the statute

on the basis of Section 37-61-211(3), and also on grounds that the ordinance violated provisions of the Montana Constitution and the Helena City Charter. Specifically, plaintiffs contended that, even if the statute in question was somehow not applicable to the City, the ordinance and fee amounted to an impairment of this Court's constitutional authority to regulate attorneys. In any event, plaintiffs alleged that the license fee was in essence a tax and, as such, had been adopted contrary to the provisions of the Helena City Charter, because all new taxes must be subjected to voter approval, which the ordinance was not.

The trial court awarded summary judgment to the City on all three issues. Plaintiffs in this appeal renew their arguments that the ordinance is void as against the charter, statute and/or the constitution. Because the City of Billings has considered adopting an ordinance similar to the one now in dispute, we granted leave to the Yellowstone County Bar Association and to the City of Billings to file amicus briefs on the matters raised by plaintiffs.

Upon review of the briefs and additional arguments by the parties, we conclude that the constitutional issue is dispositive of this case. Ordinance 2188 is invalid with respect to attorneys because it infringes upon this Court's constitutional authority to supervise and regulate attorneys and the practice of law.

Mont. Const. art. VII, Section 2, cl.3, states that this Court may "make rules governing . . . admission to the bar and the conduct of its members." We have construed this provision to give this Court "exclusive authority to promulgate such rules." Matter of Petitions of McCabe &

Zeman (1975), 168 Mont. 334, 339, 544 P.2d 825, 827-28. Even before the adoption of article VII, Section 2, clause 3, we had held that the admission and regulation of attorneys in Montana is a matter peculiarly within the inherent power of this Court. Goetz v. Harrison (1969), 153 Mont. 403, 404, 457 P.2d 911, 912. Any attempt by another branch of government to interfere with this constitutional prerogative interferes with the doctrine of separation of powers as codified in Mont. Const. art. III, Section 1. Cf. Matter of Senate Bill No. 630 (1974), 164 Mont. 366, 369, 523 P.2d 484, 486 (state legislation affecting admission to bar contravenes Supreme Court authority over same subject). As the Supreme Court of Pennsylvania concluded in Sterling v. City of Philadelphia (1954), 378 Pa. 538, 106 A.2d 793:

> "[L]awyers are officers of the courts and it is solely from the courts that they derive the authority to practice their profession; the legislative branch of government, whether state or municipal, can neither grant nor revoke such authority, nor prescribe or in any manner interfere with their functions and activities, nor regulate the conduct of their practice. If, therefore, [an]. . . ordinance involved any encroachment upon the judiciary it would represent but a vain attempt on the part of municipal authorities to exercise a power which they do not possess."

378 Pa. 538, 106 A.2d at 796.

Ordinance 2188 and the accompanying license fee were without doubt drafted to deal with public health and safety matters. This is obvious from a fair reading of the ordinance and the evidence relating to its implementation. Nevertheless, the language of the ordinance goes much further than the City probably intended. Section 18, for example, makes it abundantly clear that a person or persons

-6-

may not carry on a profession or occupation without procuring the license and paying the appropriate fee. Section 11 broadly defines the scope of the City's police powers, such that attorneys could theoretically be subjected to future ordinances affecting standards of practice. Finally, Section 7 provides for revocation of the license for "a violation of any of the provisions of [the Helena City Code] . . . or any State or Federal Statute." When read in conjunction with Section 18, it is clear that the City could prohibit an attorney from practicing his profession if his license was revoked for any reason mentioned in Section 7. Finally, the last portion of Section 18 gives extraterritorial application of the provisions of Ordinance 2188 to professionals who reside outside the City limits but who have occasion to practice within the City.

We recognize the City's assertions that it does not or will not attempt to regulate standards and qualifications for attorney admission and practice. Nevertheless, we know of no rule of law that allows us to consider only the City's intentions as opposed to the unambiguous language of the ordinance. Despite its original intent, the City has adopted an ordinance which conditions an attorney's access to the practice of law. As such, the ordinance intrudes upon this Court's constitutional authority.

We recognize the City's general proposition that, as a political subdivision exercising self-government powers, it may exercise a broad range of powers not allowed traditional general power governments, even to the point where it may be "sharing" certain powers with the state

legislature. See, e.g., State ex rel. Swart v. Molitor (Mont. 1981), 621 P.2d 1100, 1102, 38 St.Rep. 71, 72-3. Nevertheless, the universe of powers available to a self-governing authority may always be restricted by our state constitution, state statutes, or local charter provisions. Mont. Const. art. XI, Section 6; Section 7-1-101, MCA. This Court's constitutional authority to regulate attorneys and the practice of law is but one restriction on the prerogatives of local government units exercising self-government powers.

Ordinance 2188 is invalid with respect to attorneys. Accordingly, the judgment of the District Court is reversed.

_____
Justice

We concur:

_____
Chief Justice

_____


_____


_____
Justices

_____
Hon. John M. McCarvel, District
Judge, sitting in place of
Mr. Justice Frank B. Morrison Jr.


Mr. Justice Daniel J. Shea specially concurs and will file a separate opinion later.

-8-

SPECIAL CONCURRENCE OF MR. JUSTICE DANIEL J. SHEA

No. 83-169

ADA J. HARLEN, SHAUN R. THOMPSON
and RICHARD L. PARISH,
d/b/a HARLEN, THOMPSON & PARISH, a partnership,

    Plaintiffs and Appellants,

        vs.

THE CITY OF HELENA, a political subdivision
of the State of Montana.

    Defendant and Respondent.

Dated: *January 6, 1985*

FILED

JAN 6 - 1985

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

Mr. Justice Daniel J. Shea, specially concurring:

I specially concur with the majority. While I agree plaintiffs are entitled to the relief they seek, I would grant it based not only on the clear constitutional premise, but also upon the broader public policy consideration that the practice of law is not a permissible area of consideration within the scope of municipal regulation.

For example, § 7-1-111, MCA provides in relevant part:

"Powers denied. A local government unit with self-government powers is prohibited the exercise of the following: . . .(11) any power that applies to or affects the standards of professional or occupational competence established pursuant to Title 37 (professions and occupations) as prerequisites to the carrying on of a profession or occupation;"

Therefore there is preclusion even without reaching the constitutional prohibition.

Similarly, in § 7-1-113, MCA:

"Consistency with state regulation required. (1) A local government with self-government powers is prohibited the exercise of any power in a manner inconsistent with state law or administrative regulation in any affirmatively subjected by law to state regulation or control."

Even more clearly dispositive is the code section specifically advanced by plaintiffs, section 37-61-211, MCA:

"Annual license tax-municipal tax prohibited . . . (3) No license tax shall be imposed upon attorneys by a municipality or any other subdivision of the state."

The majority made reference to 39 Op. Atty. Gen. No. 60 (1982), which provides that any state statute standing alone does not prevent self-governing bodies from licensing professions unless the statute was made specifically applicable to the self-governing body. An opinion of the Attorney General is just that--an opinion. It does not

diminish the statute. Further, the statutory language is clear and unambiguous. It is unreasonable to read the statute to be applied to non-self-governing bodies.

Therefore, for the reason relied on by the majority, and for the reasons stated here, I would also reverse.

_____

Justice