In the Matter of the APPLICATION OF
KIMBERLY A. KRADOLFER, Applicant,
v.
ED SMITH, Clerk of the
Montana Supreme Court, Respondent.

No. 90-157.
Oct. 2, 1990.
246 Mont. 210.
805 P.2d 1266.

## ORDER AND OPINION

On March 28, 1990, applicant, Kimberly A. Kradolfer, filed this application for declaratory judgment on original proceedings in this Court requesting that § 37-61-211, MCA, be declared invalid as a violation of the separation of powers clause of the Montana Constitution insofar as it imposes an annual license tax of $25 upon attorneys admitted to practice in the State of Montana. She requests this Court to provide appropriate relief, including enjoining respondent Ed Smith, Clerk of the Montana Supreme Court, from collecting any legislatively imposed license tax. Finally, applicant requests modification of Rule XXV(A)(6), M.Sup.Ct.R., which obligates attorneys in this state to "pay the annual attorney's license fee as provided by law." Exercise of original jurisdiction under Rule 17(a), M.R.App.P., is requested.

On March 29, 1990, this Court ordered the Attorney General, on behalf of respondent, Ed Smith, to file a response to the application. The State Bar was also invited to file an amicus curiae brief. The Attorney General responded on May 14, 1990. On May 24, 1990, this Court invited amicus curiae briefs from any interested persons or entities. No amicus curiae briefs were received by this Court.

The applicant presently is, and was at the time of the filing of the briefs herein, an attorney admitted to practice in the State of Montana. Respondent does not challenge applicant's standing to bring this action.

Once standing is established, we must determine whether the action meets the necessary factors for this Court to accept original jurisdiction. This Court has stated that the assumption of original jurisdiction is proper when:

"(1) constitutional issues of major state wide importance are involved; (2) the case involves pure legal questions of statutory and constitutional construction; and (3) urgency and emergency factors exist making the normal appeal process inadequate." (Citation omitted.)
*Butte-Silver Bow Local Gov't v. State* (1989), 235 Mont. 398, 401, 402, 768 P.2d 327, 329, 46 St.Rep. 87, 89.

■ Although "major state wide importance" of the applicant's challenge and the urgency of deciding her claim in an original proceeding may be debatable, two factors militate toward the assumption of original jurisdiction. First, no question of fact exists.

Applicant concedes the amount, if required by order of this Court, would be reasonable. Second, applicant raises an issue relating to a matter presently subject to related regulation by statute and Supreme Court rule and implicitly questions the rule's propriety. See, *Goetz v. Harrison* (1969), 153 Mont. 403, 404, 457 P.2d 911, 912. We therefore accept original jurisdiction.

## I.

In 1989, the legislature amended § 37-61-211, MCA, increasing the annual license tax upon attorneys admitted to practice law in this state from $10 to $25. Section 37-61-211, MCA, now reads:

**"Annual license tax — municipal tax prohibited.**

"(1) Every attorney or counselor at law admitted by the supreme court of the state to practice his profession within the state is required to pay a license tax of $25 a year. The tax is payable to and collected by the clerk of the supreme court on or before April 1 of each year.

"(2) Upon the payment of the tax, the clerk shall issue and deliver a certificate to the person paying the tax, certifying to the payment of the license tax and stating the period covered by the payment.

"(3) A license tax may not be imposed upon attorneys by a municipality or any other subdivision of the state."

The Clerk of Court is directed under § 37-61-212, MCA, to collect delinquent taxes through judicial proceedings.

Pursuant to § 37-61-214, MCA, attorneys who have not paid the tax are prohibited from practicing law and, if they do practice, are guilty of a misdemeanor punishable by a fine of not less than $25.

Rule XXV(A)(6), M.Sup.Ct.R., recognizes the statutory license tax requirement and also provides a practice-related sanction:

"ATTORNEY'S LICENSE FEE. Each attorney admitted in the State of Montana shall pay the annual attorney's license fee as provided by law. With the exception of attorneys who assume judicial office, when an attorney discontinues the payment of the annual license fee for three consecutive years, that attorney's name shall be removed from the list of persons engaged in the practice of law, and shall be restored to active practice only by an order of the Supreme Court of Montana which shall be based upon an application containing the information required by the Clerk of Court. In the exercise of its discretion, the Court may waive these requirements.

"No certificates of admission of good standing at the Bar of the State of Montana shall be given unless the applicant's name is on the list of persons engaged in the active practice of law."

The dispositive issue in this proceeding is whether § 37-61-211, MCA, is unconstitutional because it violates the separation of powers clause contained in Art.III, Sec.1 of the Montana Constitution.

## II.

Applicant contends that § 37-61-211, MCA, constitutes an attempt to condition access to the practice of law upon payment of the $25 fee and therefore impermissibly infringes upon this Court's constitutional authority to supervise and regulate attorneys and the practice of law. Applicant requests this Court to declare § 37-61-211, MCA, invalid and to modify Rule XXV(A)(6), M.Sup.Ct.R., Attorneys and Counselors-At-Law, to reflect that only this Court has the authority to govern the practice of law by setting a license fee.

A fundamental principle of our system of government is the separation of powers of the three branches of government. Each branch is independent and co-equal and is immune from the control of the other two branches of government in the absence of express constitutional authority to the contrary. *State ex rel. Morales v. City Comm'n* (1977), 174 Mont. 237, 240, 570 P.2d 887, 889. This doctrine is found in the 1972 Montana Constitution, Art. III, Sec. 1, as follows:

"The power of the government of this state is divided into three distinct branches — legislative, executive, and judicial. No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted."

In *Harlen v. City of Helena* (1984), 208 Mont. 45, 676 P.2d 191, this Court invalidated an attempt by the City of Helena to require attorneys, along with other businesses, to pay an annual license fee for businesses in the city. This Court held the ordinance invalid because it infringed upon the constitutional authority of this Court to supervise and regulate attorneys and the practice of law. This Court stated:

"Mont. Const. Art. VII, Section 2, Cl. 3, states that this Court may 'make rules governing ... admission to the bar and the conduct of its members.' We have construed this provision to give this Court 'exclusive authority to promulgate such rules.' *Matter of Petitions of McCabe & Zeman* (1975), 168 Mont. 334, 339, 544 P.2d 825, 827-28. Even before the adoption of article VII, Section 2, clause 3, we had

held that the admission and regulation of attorneys in Montana is a matter peculiarly within the inherent power of this Court. *Goetz v. Harrison* (1969), 153 Mont. 403, 404, 457 P.2d 911, 912. Any attempt by another branch of government to interfere with this constitutional prerogative interferes with the doctrine of separation of powers as codified in Mont. Const. Art. III, Section 1. Cf. *Matter of Senate Bill No. 630* (1974), 164 Mont. 366, 369, 523 P.2d 484, 486 (state legislation affecting admission to bar contravenes Supreme Court authority over same subject). As the Supreme Court of Pennsylvania concluded in *Sterling v. City of Philadelphia* (1954), 378 Pa. 538, 106 A.2d 793:

" '[L]awyers are officers of the courts and it is solely from the courts that they derive the authority to practice their profession; the legislative branch of government, whether state or municipal, can neither grant nor revoke such authority, nor prescribe or in any manner interfere with their functions and activities, nor regulate the conduct of their practice. If, therefore, [an] ... ordinance involved any encroachment upon the judiciary it would represent but a vain attempt on the part of municipal authorities to exercise a power which they do not possess.'

"378 Pa. 538, 106 A.2d at 796."

*Harlen*, 676 P.2d at 193.

■ It is clear that the legislature cannot restrict or impair the exclusive power of this Court to regulate the practice of law. Section 37-61-211, MCA, in conjunction with the attendant penalty provision contained in § 37-61-214, MCA, has the effect of regulating the practice of law in that an attorney may not practice law in Montana without paying the license tax.

However, the fact that this Court has the exclusive authority to regulate the practice of law does not mean that the legislature cannot, in certain limited circumstances, act in this area. This Court may honor the statutory license tax "as a matter of comity" without surrender of its exclusive authority to regulate the practice of law. *Board of Overseers v. Lee* (Me. 1980), 422 A.2d 998, 1003; *accord, State ex rel. Quelch v. Daugherty* (W.Va. 1983), 306 S.E.2d 233, 235 ("[t]he Judicial Branch may honor legislative enactments in aid of judicial power, but it is clearly not bound to do so"); *State ex rel. Frieson v. Isner* (1981), 168 W.Va. 758, 285 S.E.2d 641, 654 ("[w]here ... the intrusion upon the judicial power is minimal and inoffensive, and is consistent with and intended to be in aid of the aims of the Court with respect to the regulation of the practice of law, such legislation may be upheld as being in aid of the judicial power").

■ The license taxes collected pursuant to § 37-61-211, MCA, are deposited into the general fund and reverted to the Supreme Court to operate and process licenses for attorneys. As the applicant concedes, the $25 tax is a reasonable amount to cover the respondent's cost of processing the information and to maintain the list of attorneys entitled to practice law in the State of Montana. We hold that § 37-61-211, MCA, by virtue of the fact that the $25 license tax is a minimal and inoffensive intrusion upon this Court's constitutional prerogative, is valid as a legislative enactment in aid of the power of this Court to regulate the practice of law.

Accordingly, we hold in favor of the respondent and against the applicant and enter declaratory judgment in favor of respondent. This opinion shall constitute such a judgment without further action or other documents or instruments being filed.

DATED this 2nd day of October, 1990.

s/ J.A. Turnage, Chief Justice
s/ John Conway Harrison, Justice
s/ Diane G. Barz, Justice
s/ R. C. Mc Donough, Justice
s/ William E. Hunt, Sr., Justice
s/ John C. Sheehy, Justice
s/ Fred J. Weber, Justice