NO.   91-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE VERIFIED PETITION FOR REVIEW OF THE DECISION
OF THE CHARACTER AND FITNESS COMMITTEE ON THE APPLICATION OF
KENNETH J. PEDERSEN.


ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

      For Petitioner:

          Kenneth J. Pedersen, Pro Se, Boise, Idaho.

      For Respondent:

          Max A. Hansen; Hansen &Associates, Dillon, Montana.


Submitted on briefs:  August 15, 1991

**Decided:** November 14, 1991

Filed:

FILED

NOV 14 1991

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Petitioner Kenneth J. Pedersen appeals from the final decision of the Committee on Character and Fitness of the State Bar of Montana refusing to certify petitioner to this Court for admission to the Montana Bar. We affirm the decision of the Committee.

We phrase the issues before this Court as follows:

1. What is the appropriate standard of review for this Court to apply in reviewing a final decision of the Committee on Character and Fitness of the State Bar of Montana?

2. Did the Committee on Character and Fitness violate petitioner's constitutional right to due process?

3. Did the Committee on Character and Fitness err in finding that petitioner does not possess the requisite good moral character required for certification for admission to the Montana Bar?

On April 13, 1989, petitioner filed an application for admission to the State Bar of Montana. As is the case with all applications to the Montana Bar, petitioner's application was referred to the Committee on Character and Fitness for review. Upon review, the Committee, on May 30, 1989, refused to certify petitioner to this Court to take the Montana Bar Examination. Petitioner requested the Committee reconsider its decision. Following an informal hearing on July 25, 1989, which petitioner attended, the Committee reaffirmed its initial decision denying petitioner's application for admission. Petitioner then requested a formal hearing on the matter. On May 4, 1990, the Committee held

a formal hearing at which petitioner personally appeared without counsel. Petitioner presented evidence on his behalf and responded to questions by the Committee members. On April **9, 1991,** the Committee issued its Findings of Fact, Conclusions of Law and Final Decision, again refusing to certify petitioner to this Court for admission to the Montana Bar. Petitioner appealed the Committee's final decision by filing with this Court a Verified Petition for Review pursuant to Section 4(i) of the Rules of Procedure of the Committee on Character and Fitness of the State Bar of Montana.

At the time of petitioner's application for admission to the Montana Bar, he had been a member of the State Bar of Illinois since **1980,** an affiliate member of the State Bar of Idaho since **1982,** and had been admitted to practice before the United States Patent Office since **1980.** Upon receiving petitioner's application, the Committee undertook an extensive investigation of petitioner's background. The findings of this investigation raised serious questions concerning petitioner's moral character in relation to his application for admission to the Montana Bar. Specifically, the Committee was concerned by an apparent pattern of neglect of financial responsibilities and professional obligations by petitioner. The Committee discovered that petitioner was the subject of a number of debt collection actions, one involving a lawsuit. Additionally, it was learned that several complaints against petitioner were filed in Illinois with the Attorney Registration and Disciplinary Commission and that petitioner was

the defendant in a legal malpractice action in Illinois. After extensive investigation, deliberation, and three separate hearings on the matter, the Committee ultimately denied petitioner's application.

## I.

What is the appropriate standard of review for this Court to apply in reviewing a final decision of the Committee on Character and Fitness?

The present appeal appears to be the first case in which an applicant for the Montana Bar has sought review of a final decision of the Committee on Character and Fitness. Inasmuch as this is a case of first impression, we must determine the appropriate standard of review to apply in reviewing decisions of the Committee on Character and Fitness. The Committee has been given the authority to "act on behalf of this Court to investigate and determine the moral character and fitness of each applicant to take the Montana Bar Examination." Rules For Admission to the Bar (1988), 234 Mont. 1, 9. (This Court recently issued new rules regarding admission to the Montana Bar which became effective in January 1991. Rules For Admission To The Bar (Mont. 1991), 48 St.Rep. 30. However, since petitioner's application was denied in 1990, this case is governed by the 1988 rules.)

The Montana Constitution provides that this Court has the power and obligation to regulate the admission of attorneys to the Montana Bar. Mont. Const. art. VII, § 2, cl. 3. The Committee on

4

Character and Fitness assists this Court in fulfilling its obligation to regulate the admission of attorneys in Montana. However, the ultimate decision regarding the admission of attorneys in Montana rests exclusively with this Court. Upon reviewing a final decision of the Character and Fitness Committee we will conduct an independent review of the entire record to determine if the Committee erred. When the facts are admitted and uncontested, as they are in this case, we will give due consideration to the inferences drawn by the Committee, including inferences concerning rehabilitation and mitigation. Consideration will be given to the recommendation of the Committee as to whether the applicant is of the requisite good moral character and fitness to be admitted to the Montana Bar. The Committee will have heard testimonial evidence and will have had the opportunity to observe the demeanor and judge the credibility of the applicant or other witnesses. However, inasmuch as we are designated by the Montana Constitution to ultimately make this decision, we will affirm the Committee's recommendation if we determine it was correct, and we will reverse if we feel the Committee erred. Our review will be in accordance with the existing standards for admission, taking into consideration the whole record.

## II.

Did the Committee on Character and Fitness violate petitioner's constitutional right to due process of law?

Petitioner asserts a violation of his right to due process by the Committee. Petitioner maintains that in light of the evidence presented, the decision of the Committee was arbitrary and based upon considerations that offend the dictates of reason.

In matters relating to the admission of attorneys to the Montana Bar, and the conduct of members of the bar, this Court's power is both broad and exclusive. The Montana Constitution provides that this Court:

> [M]ay make rules governing appellate procedure, practice and procedure for all other courts, admission to the bar and the conduct of its members. Rules of procedure shall be subject to disapproval by the legislature in either of the two sessions following promulgation.

Mont. Const. art. VII, § 2, cl. 3. We have consistently held that the clear and unambiguous language in our Constitution gives this Court exclusive authority to regulate the admission and conduct of attorneys in Montana. In the Matter of the Petitions of McCabe and Zeman (1975), 168 Mont. 334, 339, 544 P.2d 825, 827-28; Harlen v. City of Helena (1984), 208 Mont. 45, 49, 676 P.2d 191, 193. Prior to the 1972 Constitution, it was already recognized that the power to regulate the admission of attorneys in Montana was a matter peculiarly within the inherent power of this Court. Goetz v. Harrison (1969), 153 Mont. 403, 404, 457 P.2d 911, 912.

However, this power is subject to limits imposed by the Federal Constitution. As the United States Supreme Court has said:

> A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons

that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment.

Schware v. Board of Bar Examiners (1957), 353 U.S. 232, 238-39, 77 S.Ct. 752, 756, 1 L.Ed.2d 796, 801. Those bodies charged with investigating and making decisions upon an applicant's character and fitness to practice law in a particular jurisdiction must afford the applicant adequate due process of law. Mr. Justice Frankfurter, concurring in Schware, stated that "[r]efusal to allow a man to qualify himself for the profession on a wholly arbitrary standard or on a consideration that offends the dictates of reason offends the Due Process Clause." Schware, 353 U.S. at 249. In a later opinion, the United States Supreme Court reiterated that arbitrary or capricious denials of bar applications will not be tolerated. The Court added that the right to engage in the practice of law is not and should not be a matter of grace and favor. Willner v. Committee on Character and Fitness (1963), 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224. In a concurring opinion in Willner, Mr. Justice Goldberg discussed the due process requirement in these cases:

> The constitutional requirements in this context may be simply stated: in all cases in which admission to the bar is to be denied on the basis of character, the applicant, at some stage of the proceedings prior to such denial, must be adequately informed of the nature of the evidence against him and be afforded an adequate opportunity to rebut this evidence.

Willner, 373 U.S. at 107.

7

The Committee on Character and Fitness has adopted specific rules of procedure to be followed in reviewing applications for the Montana Bar. These rules, which were reviewed and approved by this Court in 1987, provide for various procedural due process safeguards. In addition, this Court, in fulfilling its constitutionally mandated duty to regulate the admission of attorneys in Montana, promulgated a comprehensive set of rules and procedures governing the admission of attorneys to the Montana Bar. Rules for Admission to the Bar (1988), 234 Mont. 1. Section IV of the rules issued by this Court specifically discusses the Committee on Character and Fitness and the process by which it shall review applications for the Montana Bar.

In the instant case, these rules governing the procedure of the Committee and providing for due process for applicants were followed. Early on in the process, the Committee communicated to petitioner its specific concerns. Petitioner was aware of the instances of conduct which the Committee was investigating. Petitioner had ample opportunity to then produce any evidence or witnesses he desired in order to rebut the evidence offered against him. The Committee held three separate hearings on this matter, two of which petitioner personally attended. Petitioner was informed that he had the right to counsel at these hearings. Upon reaching a decision, the Committee issued detailed findings of fact and conclusions of law specifically noting the bases for its decision. It is clear the procedure was followed, and that the

constitutional requirements of due process were met. We hold that petitioner's right to due process of law was not violated by the Committee.

## III.

Did the Committee on Character and Fitness err in finding petitioner does not possess the requisite good moral character required for certification for admission to the Montana Bar?

In addition to describing the duties of the Committee and the procedure to be followed, in 1988 this Court set out the standard to be used by the Committee in determining if an applicant is possessed of the required good moral character for admission to the Montana Bar.

> **3.** <u>Standard of Character and Fitness</u>. Every applicant for the Montana Bar Examination must be of good moral character. <u>Good moral character shall be presumed by the Committee on Character and Fitness</u> and thereafter certified to the Clerk of Court unless prior or present conduct of the applicant of which the Committee becomes aware would, in the opinion and discretion of the Committee, cause a reasonable person to believe that such applicant would, if admitted to practice law in Montana, be unable or unwilling to act in accordance with the standards set forth in the Montana Rules of Professional Conduct, fairly, honestly, reasonably, and with unquestioned integrity in all matters in which he or she acts as an attorney at law. [Emphasis added.]

Rules for Admission to the Bar (1988), 234 Mont. 1, 5. This standard differs from that adopted by the Committee and approved by this Court in 1987. The Committee's rule provides that every applicant shall be of good moral character, but then goes on to say that "[t]he applicant shall have the burden of proving that he or

9

she is possessed of good moral character. The Committee shall certify the Applicant to the Clerk of the Supreme Court unless prior or present conduct . . . ." Rules of Procedure of the Committee on Character and Fitness of the State Bar of Montana, § 3(a) (1987). The 1991 Rules for Admission issued by this Court are in accord with the 1987 Committee Rules in providing that the applicant has the responsibility of proving his or her moral character to the satisfaction of the Committee. However, the 1988 rules indicate that the good moral character of the applicant is to be presumed. To the extent that the Committee Rules are inconsistent with our 1988 rules on this point, the Committee Rules are superseded in this case which is governed by the 1988 rules.

The Committee initially placed the burden on petitioner to prove his good moral character in this case. To that extent the Committee erred. However, the Committee specifically found that past conduct of petitioner would cause a reasonable person to believe petitioner would be unable or unwilling to act in accordance with the standards set forth in the Montana Rules of Professional Conduct. Therefore, even presuming petitioner's good moral character, this conclusion justifies the Committee's ultimate decision.

Pursuant to Sections 3(c)(7) and 3(c)(8) of the Committee Rules, discovery of evidence tending to show neglect of financial responsibilities and neglect of professional obligations is cause for further inquiry before certifying the applicant. In this

**10**

instance, after extensive investigation the Committee concluded that the seriousness of the past conduct required it to deny petitioner's application. The Committee concluded that the circumstances surrounding petitioner's past conduct were prima facie evidence of a violation of Rule 1.1 and Rule 1.3 of the Montana Rules of Professional Conduct. The Committee found the past conduct was not mitigated by any of the factors or circumstances which provided the background for the conduct. Additionally, the Committee found insufficient evidence or history of rehabilitation to warrant overlooking the described conduct.

Petitioner did present evidence indicating that for the past several years he has acted responsibly in relation to both financial and professional obligations. This is at least some indication of rehabilitation on the part of petitioner. However, after examining the record as a whole, we cannot say that the Committee erred in determining that petitioner is not possessed of the requisite good moral character required for admission to the Montana Bar. We hold that the Committee did not err in denying petitioner's application. The decision of the Committee is affirmed.

_William E Hunt Sr_
Justice

We concur:

_J. A. Turnage_
Chief Justice

11

John Conway Harrison

Troy Friederich

Karla M. Gray

B. C. McDonough

Justices

November 14, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Kenneth J. Pedersen
P.O. Box 293
Boise, ID  83701-0293

Annie M. Bartos
Committee on Character and Fitness
P.O. Box  1051
Helena, MT  59624

Barbara Bell
Committee on Character and Fitness
Ste. 201, Liberty Center
#9, 3rd St. No.
Great Falls, MT  59401

Betsy Brandborg
Committee on Character and Fitness
6582 Canyon Ferry Rd.
Helena, MT  59601

Max Hansen
Hansen & Associates
P.O. Box 1301
Dillon, MT  59725

*State Bar of Montana*
*Committee on Character*
*& fitness - attn: Jan*
*P.O. Box 577*
*Helena, MT  59624*

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy