JUSTICE GRAY,
concurring in part and dissenting in part:
I concur with the majority opinion as to issue one and I also concur with portions of that opinion as to issue two. I respectfully dissent as to issue three.
The Committee on Character and Fitness grounded its conclusion that Mr. Matt was unfit to practice law in Montana on Mr. Matt’s supposed violation of Rule 8.2 of the Montana Rules of Professional Conduct, as well as his lack of candor and untruthfuliiess. The majority first correctly distances itself from the Committee’s findings on the Rule 8.2 violation. It then concludes that it can affirm the Committee based on Mr. Matt’s lack of candor and untruthfulness. I cannot agree.
Even considering the Committee’s ability to observe Mr. Matt’s demeanor and judge his credibility, it is my view that the record does not support a conclusion that Mr. Matt attempted to lead the Committee to believe that his involvement in the Nebraska drug transaction was minimal. Mr. Matt appeared before the Committee numerous times and was forthcoming in responding to all inquiries. *367 Any minor discrepancies between bis recollection of the events that took place a decade or more before these proceedings and the findings of the Nebraska Supreme Court cannot seriously or fairly be characterized as an attempt to mislead; much less do any such discrepancies support the majority’s “key aspect ... that Mr. Matt consistently attempted to minimize his involvement in the drug transaction ...” (Emphasis added.) The failure of both the Committee and the majority of this Court to present specific record support for this nebulous basis for prohibiting Mr. Matt from being admitted to practice law in Montana highlights the fact that no such support exists.
This leaves as the sole ground of support for the Committee’s action, and this Court’s affirmance, only one statement made by Mr. Matt: the statement having to do with his drug use. That statement is characterized by both the Committee and the majority as an assertion by Mr. Matt that he had never used drugs. First, I am not convinced that this statement even rose to the level of an affirmative statement about his drug use. My reading of the paragraph of Mr. Matt’s testimony at the June 27, 1990 hearing relied on by the majority suggests that the statement regarding drug use was merely a characterization of the ultimate opinions of the county attorney’s office investigating the conspiracy with which Mr. Matt was charged, rather than an affirmative statement by Mr. Matt that he had never used drugs. Second, if this statement were an affirmative statement of lack of drug use and if it had been inquired into and indicated to be a concern, and if Mr. Matt subsequently had failed to persuade the Committee that the statement did not reflect a lack of candor, I would agree that it would provide a sufficient basis for a conclusion that Mr. Matt is unfit to practice law in Montana. But none of that occurred. For these reasons, I cannot agree that the Committee “properly’ concluded that Mr. Matt is unfit to practice law here.
This leads directly to my dissent from the majoritys conclusion that Mr. Matt’s constitutional right to due process was not violated. The majority correctly notes that the Committee’s questions logically became more detailed and specific at each successive hearing. A fair reading of the record requires a corresponding conclusion that Mr. Matt addressed the Committee’s concerns, to the extent those concerns were revealed to him, in a direct and responsive manner. Nothing that occurred reasonably could have alerted Mr. Matt to Committee concern over one statement — particularly one statement at the initial hearing which was not relied on by the Committee in its *368 original refusal to certify Mr. Matt — in a very voluminous record. In light of Committee counsel’s remark at the third hearing that he had no questions about the Nebraska Supreme Court opinion relating to Mr. Matt’s suspension from the Nebraska Bar “because it doesn’t contain anything you didn’t tell us about..., the Committee’s failure to give Mr. Matt an opportunity to respond to its concern regarding the one statement that he had never used drugs constituted a denial of his constitutional right to be “adequately informed of the nature of the evidence against him and be afforded an opportunity to rebut this evidence.” In the Matter of Kenneth J. Pedersen (Mont. 1991), [250 Mont. 325,] 820 P.2d 1288, 1291, 48 St.Rep. 988, 989-90, citing Mr. Justice Goldberg’s concurring opinion in Willner v. Committee on Character and Fitness (1963), 373 U.S. 96, 107, 83 S.Ct. 1175, 1182, 10 L.Ed.2d 224, 232.
I would reverse the Committee’s action to the extent it was based on the Rule 8.2 violation or an attempt to mislead, vacate that portion of the Committee’s findings and conclusions based on Mr. Matt’s statement that he had never used drugs, and remand to the Committee for further proceedings relating solely to the statement about past drug use and for a final decision as to whether Mr. Matt is possessed of sufficient moral character to practice law in Montana.