No. 00-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 36

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SCOTT M. RADFORD,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Roland B. Durocher; Hartelius, Ferguson, Baker & Kazda,

Great Falls, Montana

For Respondent:

David Gliko, City Attorney, Great Falls, Montana

Submitted on Briefs: September 21, 2000
Decided: February 27, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Scott Radford (Radford) appeals, on constitutional grounds, a decision of the Eighth Judicial District Court, Cascade County, which affirmed his conviction of the misdemeanor offense of failure to obtain a Safety Inspection Certificate for his law office. We affirm.

¶2 The sole issue on appeal is whether the City of Great Falls (Great Falls), Montana, ordinance requiring Radford to obtain a Safety Inspection Certificate for his law office unconstitutionally impinges on this Court's power to regulate attorneys.

¶3 In 1995, Great Falls adopted a city ordinance requiring each business in the city to obtain an annual Safety Inspection Certificate (Certificate) "to ensure that the building, store, or office complies with uniform safety codes and other ordinances and regulations enacted for the purpose of protecting the health, safety, and welfare of the public." Great Falls City Code § 5.02.100. The ordinance further authorizes a Certificate fee.

¶4 Radford is a licensed attorney who has a business office in Great Falls. In February of 1998, he was cited for failure to obtain a Certificate for his law office. Radford moved to dismiss the charge in the Great Falls Municipal Court (Municipal Court) on the basis that attorneys are licensed and regulated by the Montana Supreme Court and the Certificate requirement impermissibly subjected him to city licensing. The Municipal Court denied Radford's motion to dismiss and found him guilty of failure to obtain the Certificate. Radford was fined $105 plus a $15 surcharge.

¶5 Radford appealed the denial of his motion to dismiss to the District Court. The District Court also denied the motion. Radford appeals.

## Discussion

¶6 Does the Great Falls ordinance requiring Radford to obtain a Certificate for his law office unconstitutionally impinge on this Court's power to regulate attorneys?

¶7 Because the motion to dismiss was denied as a matter of constitutional law, our

standard of review is whether the District Court's decision was correct. *State v. Butler*, 1999 MT 70, ¶ 7, 294 Mont. 17, ¶ 7, 977 P.2d 1000, ¶ 7.

¶8 Radford points out that this Court possesses the constitutional authority to regulate Montana attorneys in their profession. *See* Art. VII, § 2, Mont. Const. He argues the Certificate requirement is unconstitutional as applied to attorneys under *Harlen v. City of Helena* (1984), 208 Mont. 45, 676 P.2d 191.

¶9 In *Harlen*, we concluded that an ordinance enacted by the City of Helena, Montana, which required attorneys, along with other businesspeople, to obtain an annual city business license was invalid because it infringed on our constitutional authority to supervise and regulate attorneys and the practice of law under Article VII, Section 2 of Montana's Constitution. *Harlen*, 208 Mont. at 49, 676 P.2d at 193. We noted several problems with the Helena ordinance:

> [T]he language of the ordinance goes much further than the City probably intended. Section 18, for example, makes it abundantly clear that a person or persons may not carry on a profession or occupation without procuring the license and paying the appropriate fee. Section 11 broadly defines the scope of the City's police powers, such that attorneys could theoretically be subjected to future ordinances affecting standards of practice. Finally, Section 7 provides for revocation of the license for "a violation of any of the provisions of [the Helena City Code] . . . or any State or Federal Statute." When read in conjunction with Section 18, it is clear that the City could prohibit an attorney from practicing his profession if his license was revoked for any reason mentioned in Section 7.

*Harlen, 208 Mont. at 50-51, 676 P.2d at 193-94. Based on these problems, we held that, "[d]espite its original intent, the City has adopted an ordinance which conditions an attorney's access to the practice of law. As such, the ordinance intrudes upon this Court's constitutional authority." Harlen, 208 Mont. at 51, 676 P.2d at 194.*

¶10 The problems with the Helena ordinance at issue in *Harlen* are not present here. The penalty for failure to renew a Certificate is authorized at Great Falls City Code § 5.01.070:

> **Late charge.** A. Failure to renew the certificate or special license shall result in a delinquent charge as determined by resolution.

> B. Each day that any violation of this chapter occurs or continues *may* constitute a

separate offense and *may* be punishable as a separate violation.

(Emphasis added.) Great Falls concedes that the penalty for violation of its ordinance is limited to a fine or up to six months in jail. The Great Falls City Code additionally directs:

"Safety Inspection Certificate" is a certificate for a premise or occupation at a specific premise acknowledging inspection for uniform safety codes or other ordinances and regulations enacted for the purpose of protecting health, safety, and welfare of the public. The certificate is not intended, and shall not be used, to regulate or infringe upon the conduct of a business or profession[.]

Section 5.01.010(H), Great Falls City Code. Clearly, under its ordinance, Great Falls could not prohibit an attorney from practicing his or her profession as a result of violating the Certificate requirement.

¶11 Moreover, we have clearly recognized since *Harlen* that "the fact that this Court has the exclusive authority to regulate the practice of law does not mean that the legislature cannot, in certain limited circumstances, act in this area." *Kradolfer v. Smith* (1990), 246 Mont. 210, 214, 805 P.2d 1266, 1269. There, we determined that an annual $25 state license tax on attorneys was a reasonable amount to cover the costs of processing licenses for attorneys and maintaining the list of attorneys licensed to practice law in this State, and was a "minimal and inoffensive intrusion upon this Court's constitutional prerogative." *Kradolfer*, 246 Mont. at 215, 805 P.2d at 1269.

¶12 Similarly, the amount required to obtain the Great Falls Certificate pursuant to City of Great Falls License and Certificate Fee Resolution 8762, which varies according to the square footage of the business, represents a reasonable amount in relation to the safety inspection services as authorized by § 7-1-4123(7), MCA. On this record, we conclude that application of the Certificate requirement to Great Falls law offices represents a minimal and inoffensive intrusion on this Court's constitutional prerogative to regulate attorneys.

¶13 We hold Radford has not established that the Great Falls Certificate requirement unconstitutionally impinges upon this Court's power to regulate attorneys.

¶14 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART