STATE ex rel. PAT GRIFFIN COMPANY, a Wyoming Corporation, Relator and Appellant, *v.* CITY OF BUTTE, a Municipal Corporation, Respondent and Respondent.

No. 11440.
Decided Oct. 3, 1968.
Rehearing Denied Oct. 28, 1968.
445 P.2d 739.

Poore, McKenzie, Roth & Robischon, Butte, James A. Robischon (argued), Butte, for appellant.

Maurice Hennessey (argued), Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This appeal from the district court of Silver Bow County involves a petition for a writ of prohibition filed by appellant, Pat Griffin Co., against respondent, City of Butte, seeking to prohibit the enforcement of Ordinance No. 2283. The City filed a motion to quash and challenged the appellant's right to proceed by prohibition. On January 8, 1968, Judge W. W. Lessley, having assumed jurisdiction upon disqualification of both of the judges of the second judicial district, entered his order granting the City's motion to quash and dismissed the appellant's petition. This appeal followed.

From the record it appears that on August 2, 1967, the City of Butte passed Ordinance No. 2283, which so far as pertinent here undertook to regulate the installation and use of coin-operated dispensing devices for gasoline.

The appellant, Pat Griffin Co., is a lessor of property located outside the boundaries of the City of Butte, but apparently within three miles of those boundaries; the property being leased to one Fred S. Woodhull. The property is used as the site for a "GASAMAT" which consists of automatic, coin-operated, gasoline dispensing pumps, apparently of the type prohibited by the above ordinance.

Appellant admits that under section 11-932, R.C.M.1947, the City may prohibit the "storage" of certain inflammable explosives, including gasoline, within three miles of the boundaries of the City, but further contends that the City may not regulate the handling or dispensing of gasoline outside the City's boundaries but within three miles of those boundaries.

■ Section 11-932, R.C.M.1947, provides: *"Regulation of explosives and inflammable material.* The city or town council has power: To regulate and prevent the storage or handling of gunpowder, giant powder, nitroglycerine, or other inflammable explosives or materials, tar, pitch, kerosene, oils, and turpentine, and *to prohibit the storage of the same within three miles of the city limits."* (Emphasis ours.) The appellant contends the emphasized portion is controlling in this appeal, but this Court feels that the statute must be read and construed as a whole.

The question to be answered is: While the City may regulate or prevent storage or handling of gasoline, is it limited to prohibiting "storage" or not acting at all when the area being dealt with lies between the City's boundaries and three miles outside those boundaries? The appellant would have us answer affirmatively and hold that a city may regulate storage and handling of gasoline inside the City's boundaries but can only prohibit its storage or not act at all when dealing with the area within three miles of its boundaries. We do not think that was the intent of the legislature when it enacted section 11-932, R.C.M.1947.

■ In Leischner v. Knight (City of Billings), 135 Mont. 109, at 112, 337 P.2d 359, at 360 (1959), this Court stated that "It is well-settled law in this state that cities have only those powers granted them by statute or which are necessarily implied as adjuncts to powers granted by statute. This court has repeatedly stated that 'unless a power is vested in the municipality by express law [or by necessary implication therefrom], the presumption is against the exercise by the city of

any such power.' State ex rel. Great Falls Housing Authority v. City of Great Falls, 110 Mont. 318, 328, 100 P.2d 915, 921."

 There is also a rule that "Where the language of a statute adequately expresses the intention of the legislature, it must be given effect regardless of the consequences; but, where the intention of the legislature is so inadequately or vaguely expressed as to require construction, the court may consider the results and consequences of any proposed construction, and should, if possible, avoid a construction which will cause objectionable results." 82 C.J.S. Statutes § 326. The intent of the legislature is very clear here with regard to giving the city council the power to regulate the storage and handling of certain materials. Any alleged vagueness in the statute is vagueness with regard to the area over which the city council may exercise its power. In this situation we feel the statute should be liberally construed to accomplish its purpose which is the preservation of the public safety and welfare.

 The appellant contends that the power to regulate the "handling" of gasoline is limited by section 11-932, R.C.M.1947, to the area *inside* or *within* the city's boundaries. However, the statute does not say that; it merely says that the city council has the power to regulate or prevent storage or handling of certain materials. Only when the statute gives the city the power to *prohibit storage* is there any hint of any territorial limitations. Because of the failure of the legislature to specifically mention any territorial limits on a city's power to regulate and prevent handling of gasoline, this Court believes that it was the legislative intent to extend the city's authority to three miles beyond its boundaries when it seeks to regulate the handling of gasoline and we so hold.

We predicate this belief on the fact that the city is given the authority to absolutely prohibit storage within three miles of its boundaries. If we agreed with the appellant we would be guilty of an extreme lapse in logic for we would have to hold that the city has a narrow authority within its boundaries

—to regulate the handling of gasoline—but has a very broad authority beyond its boundaries—to absolutely prohibit storage. We do not think that was the intent of the legislature.

We also believe that the requirement of the ordinance that the presence of a competent attendant while gasoline is actually being dispensed is a valid exercise of the City's police power to protect the public. Gasoline pumps probably are not per se dangerous instrumentalities, but unattended coin-operated, self-operated pumps could become dangerous. Without the presence of a competent attendant there is nothing to prevent an individual, including youngsters, from dispensing gasoline. Also the presence of a competent attendant diminishes the possibility of fire. Left unattended in the middle of the night gasoline pumps could be an open invitation to arsonists.

We now turn to the question of whether the lower court erred in refusing to grant appellant's petition for a writ of prohibition. Section 93-9201, R.C.M.1947, provides that a writ of prohibition will lie only when proceedings of certain bodies, including municipal corporations, are without or in excess of jurisdiction. The petition in the lower court was grounded on a contention that the City was acting in excess of the authority granted it by section 11-932, R.C.M.1947. There has been no showing that the City so acted; in fact we hold that the City was acting within its jurisdiction. The appellant in its brief recognized that actions within jurisdiction cannot be challenged by prohibition. We must, therefore, conclude that the district court was correct in its dismissal.

MR. JUSTICES HASWELL, ADAIR, JOHN CONWAY HARRISON, and CASTLES, concur.