No. 13660

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA, ex rel.
JULIO E. MORALES, HELENA CITY
JUDGE,

                Relator,

    -vs-

THE CITY COMMISSION OF THE
CITY OF HELENA,

                Respondent.

---

Appeal from: District Court of the First Judicial District,
           Hon. Arnold Olsen, Judge presiding.

Counsel of Record:

    For Relator:

        Julio Morales argued, Missoula, Montana

    For Respondent:

        C. W. Leaphart, Jr. argued, Helena, Montana

---

                Submitted:  May 18, 1977

                Decided:  July 27, 1977

Filed: July 27, 1977

*Thomas J. Kearney*
_____
                Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This case concerns an appeal from a judgment entered in the district court, Lewis and Clark County, denying appellant's writ of prohibition and dismissing the case.

Appellant, Julio Morales, was appointed to the position of police judge for the City of Helena on June 25, 1973. The appointment was made in accordance with the terms of section 11-3271, R.C.M. 1947, by the Helena City commissioners. Respondent City of Helena had adopted and is operating under the Commission-Manager form of government pursuant to Title 11, Chapter 32, R.C.M. 1947. Appellant was notified by a letter dated December 20, 1976, that respondent intended to terminate his services as police judge on January 31, 1977, at 5:00 p.m. To this date, no cause has been alleged by respondent for appellant's dismissal.

Appellant filed a petition with this Court on January 11, 1977, seeking to invoke the original jurisdiction of the Supreme Court. Appellant sought a declaratory judgment and a writ of prohibition. This Court, by its order dated January 11, refused to take jurisdiction of the matter and ordered the district court of Lewis and Clark County to assume jurisdiction. The Hon. Arnold Olsen assumed jurisdiction on January 27, and ordered a writ of prohibition to issue until such time as a hearing could be held on the matter. On February 3, the date set to show cause why the writ should not be made peremptory, respondent filed motions to dismiss and quash. Oral argument was heard but an evidentiary hearing was not conducted. Subsequently, both parties filed briefs and the district court entered a judgment and order on March 2, denying the writ and dismissing the cause. Appellant appeals from the decision of the district court.

Two issues are before this Court upon appeal:

1)  Whether the provision of section 11-3271, R.C.M. 1947, which allows the termination of a police judge at the will of the city commission is unconstitutional on its face.

2)  Whether prohibition lies in the instant case.

Section 11-3271, prior to its amendment by the 45th Montana Legislature in 1977, read:

> "Police Judge--appointment and powers.  The commission shall appoint a police judge who shall have the power and authority now conferred by existing laws and shall hold his office at the will of the commission."

Appellant challenges the constitutionality of the provision stating that the police judge " * * * shall hold his office at the will of the commission".  The alleged constitutional infirmity has since been corrected by amendment/effective April

(Senate Bill 349, Forty-fifth Legislature)

4, 1977, and now reads:

> (1) "In each municipality having a commission-manager form of government, a city judge shall be elected every 4 years in a nonpartisan election held in conjunction with the regularly scheduled municipal election.  The city judge shall hold office for a term of 4 years."
>
> (2) "The qualifications to hold the office of city judge shall be set by ordinance by the commission.  The ordinance shall be consistent with any rules adopted by the Montana Supreme Court on city judge qualifications."
>
> (3) "The first election of a city judge under this act shall be held in conjunction with the next regularly scheduled municipal election held 30 days or more after the effective date of this act."
>
> (4) "If a vacancy occurs in the office of city judge, the commission shall appoint a qualified individual to serve for the remainder of the term."

One of the cornerstones of our system of government is the separation of powers of the three branches of government. Each branch is separate and distinct and is immune from the control of its two branches of government in the absence of express constitutional authority to the contrary.  State ex rel. Public Service Commission v. District Court, 107 Mont. 240,

- 3 -

84 P.2d 335. This doctrine is found in the 1972 Montana

Constitution, Article III, Section 1, as follows:

> "The power of the government of this state is
> divided into three distinct branches--legis-
> lative, executive, and judicial. No person or
> persons charged with the exercise of power
> properly belonging to one branch shall exer-
> cise any power properly belonging to either of
> the others, except as in this constitution
> expressly directed or permitted."

We have previously stated in State ex rel. Schneider v.

Cunningham, 39 Mont. 165, 168, 101 P.2d 962, in regard to the

predecessor of Article III, Section 1, found in the 1889 Montana

Constitution:

> " * * * It is within the knowledge of every intell-
> igent man that its purpose is to constitute each
> department an exclusive trustee of the power vested
> in it, accountable to the people alone for its
> faithful exercise, so that each may act as a check
> upon the other, and thus may be prevented the tyranny
> and oppression which would be the inevitable result
> of a lodgment of all power in the hands of one body.
> It is incumbent upon each department to assert and
> exercise all its power whenever public necessity
> requires it to do so; otherwise, it is recreant to
> the trust reposed in it by the people. It is equally
> incumbent upon it to refrain from asserting a power
> that does not belong to it, for this is equally a
> violation of the people's confidence."

We find, therefore, that the provision of section 11-3271 which allows the removal of the police judge from office at the will of the city commission is a clear violation of the mandate of the doctrine of separation of powers. The city commissioners, acting as the legislative branch of city government, may not infringe upon the duties of the judicial branch. The power to remove the police judge following a ruling adverse to the city commission is an impermissible infringement upon the duty of each and every judge to render a fair and impartial decision.

Subsequent to the filing of the instant case, section 11-3271 was amended. This amendment, which became effective on April 4, 1977, provides in part for a change in name from

police judge to city judge for the position in question and an elected four year term. The latter provision corrects the constitutional infirmity found in the unamended version of section 11-3271. The amended statute further provides that the initial election of a city judge shall be held in conjunction with the next regularly scheduled municipal election held 30 days or more after the effective date of the act. Appellant must therefore be restored to his position as city judge until such time as the next regularly scheduled municipal election is held. Furthermore respondent must pay to appellant all back pay accrued during the pendency of this action.

The second issue deals with the propriety of the remedy of prohibition in the instant case. The writ of prohibition lies to arrest the proceedings of any tribunal, corporation, board or person whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person. Section 93-9201, R.C.M. 1947. It may be issued by the Supreme Court or district courts in cases where there is no plain, speedy and adequate remedy in the ordinary course of law. Section 93-9202, R.C.M. 1947. In addition we have held that a writ of prohibition lies to arrest only judicial or quasi-judicial functions. State v. Montana Livestock Sanitary Board, 135 Mont. 202, 339 P.2d 487.

After careful consideration of the applicable law we hold that prohibition is the proper remedy in the instant case. The issuance of a writ of prohibition to arrest the proceedings of a municipal corporation acting in excess of its jurisdiction is not novel in this jurisdiction. See State ex rel. Griffin v. Butte, 151 Mont. 546, 445 P.2d 739.

We find no merit in respondent's contention that prohibition is improper because the city commission's action was ministerial rather than judicial or quasi-judicial. "A ministerial act may perhaps be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act done." Montana Livestock Sanitary Board, supra. The dismissal involved herein is not a ministerial act done in furtherance of legal authority. The crux of our holding above is the city commission's lack of legal authority to infringe upon the duties of the judiciary.

Respondent, in its oral argument before this Court, alleged that appellant had failed to comply with Rule 38, M.R.App. Civ.P., and therefore the constitutional issue is not properly before the Court. In substance, Rule 38 provides that the attorney general of the State of Montana must be notified of any proceeding in the Supreme Court which challenges the constitutionality of any act of the Montana Legislature. The record reflects that such a "notice of existence of constitutional question" was filed with this Court on January 11, 1977, as a portion of appellant's application for a writ of supervisory control. Apparently such notice was not refiled prior to this appeal.

While Rule 38 was not strictly complied with in the instant case, we feel the spirit and intent of the rule was met. We therefore hold that the constitutional issue is properly before us.

It is ordered that this matter be remanded to the district court, Lewis and Clark County, with instructions to order the restoration of appellant to his position as Helena City Judge until an election may be held pursuant to section 11-3271. In

- 6 -

addition that court is to determine reasonable attorney fees and costs and award such moneys to appellant. Respondent must also pay appellant all back pay accrued during this action and other benefits withheld.

Respondent argues that appellant's proper remedy is quo warranto and therefore, prohibition does not lie because appellant has a remedy in the ordinary course of law. Quo warranto lies to test the authority of a person allegedly wrongfully holding a public office. Section 93-6401, R.C.M. 1947; State ex rel. Casey v. Brewer, 107 Mont. 550, 88 P.2d 49. A quo warranto proceeding may be commenced by a private person under certain circumstances. Section 93-6405, R.C.M. 1947. Respondent argues that such circumstances exist in the instant case. We disagree.

Section 93-6405 states in part:

"A person claiming to be entitled to a public office unlawfully held and exercised by another, by himself or by an attorney and counselor at law, may bring an action therefor in the name of the state, as provided in this chapter. * * *"

The mandate of the above statute is clear. A private person may institute a quo warranto proceeding to attempt to prove another is wrongfully holding a public office. It is clear, therefore, that quo warranto does not lie in the instant case as appellant actually held the office of police judge at the time this action was instituted.

_____
                 Justice

We concur:

_____
  Chief Justice

_____

_____
  Justices

Justice John Conway Harrison did not participate in this cause.

- 7 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13660

THE STATE OF MONTANA, EX REL.
JULIO E. MORALES, Helena City
Judge,

Relator,

vs.

THE CITY COMMISSION OF THE CITY
OF HELENA,

Respondent.

FILED

JUL 2 3 1977

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

IT IS ORDERED that the following amendment be made on the above named opinion.

The last two paragraphs on page 7 of the opinion should be removed from that page and inserted between the first and second paragraphs on page 6.

DATED this 28th day of July, 1977.

_____
Chief Justice

_____

_____

_____
Justices