## STATE ex rel. DEPARTMENT OF HEALTH AND ENVIRONMENTAL SCIENCES, Plaintiff and Respondent, v. LINCOLN COUNTY et al., Defendants and Appellants.

No. 13964.
Submitted June 12, 1978.
Decided Sept. 28, 1978.
584 P.2d 1293.

William A. Douglas, Libby, Ian Christopherson (argued), Libby, for defendants and appellants.

Stan Bradshaw (argued), Helena, for plaintiff and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

The Lincoln County commissioners appeal from a judgment of the District Court prohibiting and permanently enjoining them from taking any action violating the open burning permit requirements of the State Department of Health and Environmental Sciences (DHES) and awarding DHES attorney fees and costs.

In 1967 the Montana legislature enacted the Clean Air Act of Montana, Title 69, Ch. 39, R.C.M.1947. The State Board of Health was granted rulemaking powers under the Act. Section 69-3909, R.C.M.1947. Pursuant to these rulemaking powers, the Board adopted a rule prohibiting open burning without a permit. MAC 16-2.14(1)-S1490. This rule requires that a permit be obtained to conduct open burning activities, including the open burning of yard trimmings and wood products.

In 1974 and 1975, DHES conducted experimental programs in open burning without a permit in Flathead and Lake Counties, but not in Lincoln County. That on December 30, 1976, the Flathead County commissioners, with the knowledge and consent of the Lincoln County commissioners petitioned DHES for amendment of its rule to grant the county commissioners sole discretion to permit burning for not less than 30 days from March 1 to May 15 during permissible ventilation dates and were granted a hearing at a date following conclusion of the trial in the present case.

In March, 1977, the Lincoln County commissioners directed their county director of Environmental Health and Planning to allow open burning of yard and wood leavings, without a permit, from March 12 to April 18. The residents of Lincoln County were advised that such open burning would be allowed by the county.

On March 22, DHES filed a complaint in the District Court of Lincoln County seeking a writ of prohibition and injunction against Lincoln County and its commissioners for their action. Specifically DHES sought: (1) a temporary restraining order and, after hearing, a preliminary injunction, (2) an alternative writ of prohibition and order to show cause, and (3) a peremptory writ of prohibition following the show cause hearing.

The District Court issued an order to show cause and alternative writ of prohibition returnable on March 31. At that time the District Court denied the motion of DHES for a temporary restraining order and injunction; received testimony and evidence; ordered the parties to submit proposed findings and briefs; and scheduled further oral argument on April 28.

On April 1, Lincoln County filed an answer and counterclaim seeking a declaratory judgment that the permit requirement in the Board's open burning rule was unconstitutional and void. Thereafter the parties filed their proposed findings and briefs and stipulated that the case be submitted on briefs.

On May 12, the District Court entered its findings of fact, conclusions of law, order and judgment. Generally the District Court found in favor of DHES, ordered a peremptory writ of prohibition issued, and ordered that the county commissioners "are prohibited and permanently enjoined from taking any action violating the permit requirements of the open burning rule". The judgment also awarded DHES attorney fees of $1,287.80 and costs of $922.16. The county and its commissioners appeal from the judgment.

Three issues are presented for our determination:

(1) Did the State Board of Health exceed its authority in adopting its open burning rule?

(2)  Are prohibition and injunction proper remedies?

(3)  Is the award of attorney fees correct?

■   The principal issue is the validity of the rule of the State Board of Health prohibiting open burning without a permit. Lincoln County concedes the general authority of the Board to adopt rules and regulations for the administration and enforcement of the Clean Air Act. However, the county contends that the specific open burning rule adopted by the Board is invalid for two basic reasons: (1) The legislature did not intend to grant the Board the authority to adopt the rule, and (2) the rule represents an unconstitutional delegation of legislative power to the Board. For these reasons the county contends the rule adopted by the Board is *ultra vires* and exceeds any proper delegation of authority to the Board.

In our view, the legislature intended to grant the Board authority to enact the rule. The Clean Air Act grants the Board the power to adopt rules and regulations implementing and consistent with the Act. Section 69-3909. The legislature expressly granted the Board authority to "establish the limitations of the levels, concentrations, or quantities of emissions of various pollutants from *any source* necessary to prevent, abate or control air pollution". (Emphasis added.) Section 69-3913. The Act also provides:

"*The board may by rule prohibit* the construction, installation, alteration, or *use of a* machine, equipment, *device, or facility which it finds may directly or indirectly cause or contribute to air pollution* or which is intended primarily to prevent or control the emission of air pollutants, unless a permit therefor has been obtained." (Emphasis added.) Section 69-3911(1), R.C.M.1947.

Since 1973 the legislature has had the power to repeal or recommend the amendment of any administrative rule. Section 82-4203.1, R.C.M.1947. In the three legislative sessions since that time, the legislature has not taken any such action regarding the open burning rule except to request DHES to amend the rule by providing that no permit shall be issued for an open fire or open burning without the express prior notification of the fire chief or other head of the fire protection agency. House Joint Resolution 7, 1977 Legislative Session.

The county has directed our attention to various provisions of the Act indicating a legislative intent that local and regional air pollution programs are to be supported to the extent practicable; providing for a coordinated statewide program of air pollution control and for an appropriate distribution of responsibilities among the state and local units of government; and to facilitate cooperation across jurisdictional lines in dealing with air pollution problems. Conspicuously absent is any language that could be construed as empowering a county, in effect, to countermand or nullify a Board rule by adopting a more lenient rule.

For these reasons we hold that the legislature intended to give the Board the powers and authority to adopt the specific open burning rule under attack.

The second prong of the county's argument is simply that regardless of the legislature's intent, power to adopt such rule constitutes an unconstitutional delegation of legislative power to the Board. The thrust of the county's contention is that there are insufficient standards or guidelines in the Act to meet constitutional requirements.

The validity of a delegation of power by the legislature to an administrative agency has been stated in this language:

"Concerning adequate standards and guides in delegation of legislative power, this Court has stated the rule as follows: If the legislature fails to prescribe with reasonable clarity the limits of power delegated to an administrative agency, or if those limits are too broad, its attempt to delegate is a nullity.

"On the other hand a statute is complete and validly delegates administrative authority when nothing with respect to a determination of what is the law is left to the administrative agency, and its provisions are sufficiently clear, definite, and certain to enable the agency to know its rights and obligations." (Citation omitted.) *Milk Control Board v. Rehberg* (1962), 141 Mont. 149, 161, 376 P.2d 508, 515.

This rule was previously enunciated in *Bacus v. Lake County* (1960), 138 Mont. 69, 354 P.2d 1056. The rule contains two re-

quirements: (1) The legislature must authorize the administrative agency to carry out the legislative intent of the Act, and (2) the administrative agency must have definite standards by which their power to act is governed rather than permitting it unbridled discretion. *Douglas v. Judge* (1977), 174 Mont. 32, 568 P.2d 530.

Here both criteria are satisfied. The legislature has authorized the Board to carry out the legislative intent .of the Act. Section 69-3909(1), R.C.M.1947. The Board has definite standards by which their power to adopt the open burning permit rule is governed. Section 69-3913 expressly grants the Board the power to establish limitations as to levels, concentrations and quantities of emission of pollutants from any source necessary to prevent, abate, or control air pollution. Section 69-3911(1) authorizes the Board to prohibit use of any device or facility directly or indirectly causing or contributing to air pollution. While the powers of the Board are expressed in broad and general language, they necessarily must be as air pollution control is an emerging field of environmental protection for which detailed and precise standards have not yet been fully developed. The Utah'Supreme Court, quoting from *Southern Illinois Asphalt Co., Inc., v. Environmental Protection Agency* (1973), 15 Ill.App.3d 66, 303 N.E.2d 606, has expressed this idea in the following language:

"By its very nature it [air pollution control] defies the establishment of precise standards. It involves a highly specialized science, and yet covers an exceedingly broad spectrum. It is complex and not reducible to easy equations, particularly in view of our constantly growing knowledge and understanding of our environment and its effect upon our lives and our very existence. Recognizing these facts the legislature acted to prohibit or control air contamination to the extent possible in the interest of health and the enjoyment of life or property. It is true that the standards set forth are broad, but they are nonetheless adequate." *Lloyd A. Fry Co. v. Utah Air Conservation Committee* (Utah 1975), 545 P.2d 495, 500.

We hold that the Clean Air Act does not violate constitutional requirements concerning legislative delegation of powers to the Board.

Next the county commissioners contend that neither a writ of prohibition nor an injunction is a proper remedy.

■■■ A writ of prohibition is a proper remedy to arrest the proceedings of any Board when such proceedings are in excess of the Board's jurisdiction. Section 93-9201, R.C.M.1947; *State ex rel. Morales v. City Commission* (1977), 174 Mont. 237, 570 P.2d 887. The county commissioners by authorizing open burning without a permit in violation of the State Board of Health rule exceeded their jurisdiction. The county commissioners are granted authority to operate an air pollution program compatible with, more stringent, or more extensive than the program established by the Board. Section 69-3919(1)(a). However, the county commissioners do not have the authority to authorize open burning without a permit contrary to the Board rule; the county program must be compatible and consistent with the Act and rules issued thereunder, including approval of the county program after a public hearing. Section 69-3919(1)(d). By acting in excess of their authority, they exceeded their jurisdiction. As there was no plain, speedy and adequate remedy in the ordinary course of law, a writ of prohibition was a proper remedy. Section 93-9202.

■■■ The right of DHES to injunctive relief is attacked by the county on the basis that an injunction will not be granted to enforce or prevent the enforcement of the criminal law, citing *Bradford v. Ewing* (1947), 120 Mont. 463, 187 P.2d 389. The county argues that because violations of the Clean Air Act constitute criminal offenses (section 69-3921(1), (2)) enforcement by injunction is precluded. We disagree.

■■■ The Clean Air Act expressly provides for enforcement by injunction or other appropriate remedy; it expressly provides that criminal offenses and penalties under the Act are no bar to enforcement by injunction or other appropriate remedy. Section 69-3921 (3). The legislature has authority to empower a court of equity to

prevent the commission of a crime. *State ex rel. Stewart v. District Court* (1926), 77 Mont. 361, 251 P. 137. When the legislature does so by expressly authorizing injunctive relief, courts have power to so enforce the prevention of acts threatening irreparable injury to property rights, notwithstanding such acts may also constitute crimes. 43A C.J.S. Injunctions §§ 158, 159 and 160. The *Bradford* prohibition against injunctive relief was applied to a purely criminal offense. If it retains any vitality today, it is clearly not applicable where, as here, the legislature has expressly authorized injunction as an alternative remedy.

The final issue is whether the award of attorney fees in favor of DHES is proper. No issue is raised concerning the amount or reasonableness thereof. The county opposes the award of attorney fees on two grounds: (1) that DHES comes before the court with "unclean hands" barring such award, and (2) no purpose is subserved by taxing one instrumentality of the state to pay the attorney fees of another instrumentality of the same state.

The county argues that DHES comes before the court with "unclean hands" as it has caused this controversy by encouraging the county to have an open burning period in violation of its own rule and then reversing itself. The evidence is otherwise. In response to a request from county commissioners in northwestern Montana for a change in open burning permit requirements, DHES sought and obtained permission from the Board to conduct an experimental program in open burning without a permit in Flathead and Lake Counties. Lincoln County declined to participate in this program, DHES concurred, and Lincoln County was not a part of this experimental program. In June 1976, after the experiment proved unsuccessful, DHES notified the commissioners, including the Lincoln County commissioners, personally and by letter, that it would not seek a change in the rule and would insist on strict compliance. This does not support the allegation of "unclean hands" on the part of DHES.

The Lincoln County commissioners contend that there is no purpose in awarding attorney fees in a controversy between two

branches of the same sovereign. However, the tax sources are not the same and the revenues derived therefrom are separate and independent. The award of attorney fees could have been eliminated entirely had Lincoln County in the first instance filed an action for declaratory judgment to test the validity of the Board's rule on open burning and the permit requirements. There is no provision for an award of attorney fees in a declaratory judgment. Section 93-8901 et seq., R.C.M.1947. Instead, the county openly violated the Board's rule by instructing its county director to allow open burning of yard and wood leavings without a permit and so advising county residents. Such unilateral action and confrontation by the county precipitated the application for a writ of prohibition by DHES and the resulting award of attorney fees. The award of attorney fees is consistent with prevention of future repetitions of similar actions as an alternative to seeking a declaratory judgment; the award to DHES is to be placed in its funds and not to be transferred or paid to its attorney.

We have examined and considered the subsidiary arguments and authorities advanced by Lincoln County and find nothing therein to warrant further comment in this opinion, nor changing the rationale or decision in this case.

The judgment of the District Court is affirmed.

MR. JUSTICES DALY and HARRISON concur.

MR. JUSTICE SHEEHY did not participate in this cause.