No. 92-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

---

ROSEBUD COUNTY, MONTANA and
PHILLIPS COUNTY, MONTANA,

        Plaintiff/Intervenor and Respondent,

   v.

THE DEPARTMENT OF REVENUE OF
THE STATE OF MONTANA,

        Defendant and Appellant.

---

APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Rosebud,
               The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Paul Van Tricht, Tax Counsel, Office of Legal
          Affairs, Department of Revenue, Helena, Montana

      For Respondent:

          Larry Schuster, Attorney at Law, Great Falls,
          Montana; John C. McKeon, Phillips County
          Attorney, Malta, Montana

      For Amici Curiae:

          John Alke and Chris D. Tweeten, Hughes,
          Kellner, Sullivan & Alke, Helena, Montana

---

FILED

Filed: MAR 18 1993

Clerk

Submitted on Briefs:   October 8, 1992

Decided:  March 18, 1993

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Montana Department of Revenue (DOR) appeals from a judgment of the Sixteenth Judicial District Court, Rosebud County, invalidating the "Acquired Cost" method and reinstating the "Green Guide" as the method of determining market value of heavy equipment for property tax assessment. We affirm.

The plaintiff and appellant have set forth several issues which we consolidate and restate as follows:

1. Did the District Court err in denying DOR's motion to dismiss on the grounds that plaintiff suffered no actual harm?

2. Did the District Court err in denying DOR's motion to dismiss on the grounds that plaintiff, as a political subdivision of the State of Montana, does not have standing to sue the State itself?

3. Did the District Court err in declaring that DOR's attempt to amend 42.21.131, ARM, did not comply with the requirements set out in the Montana Administrative Procedure Act (MAPA)?

4. Did the District Court err in concluding that DOR is required to assess all heavy equipment at 100 percent of its market value according to § 15-8-111, MCA, and that market value is not adequately determined by employing the "Acquired Cost Method"?

The green guide method of establishing the market value of heavy equipment for property tax assessments has been the primary method used from 1975 through December 31, 1990, by DOR. However, if a particular item could not be located in the green guide,

2

various back-up methods, such as the acquired cost method, were employed.

The green guide method involves using the national green guides which represent a nationwide average of sale prices of equipment in average working order. The market values in the guides are by region and include the trends of depreciation tables.

In April 1990, Denis Adams, Director of DOR, began discussing the possibility of having the acquired cost method replace the green guide as the primary method of assessment. Although the green guide method would still be employed, it would only be used if the acquired cost of a particular item could not be ascertained.

On January 4, 1991, DOR sent out a letter to all of the county tax assessors directing them to use the acquired cost method, rather than the green guide method, as the primary method. The county assessors complied with this directive. The result was a substantial loss of market value, taxable value, and revenue for plaintiffs Rosebud County and Phillips County.

In order to address the objections to the implementation of the amended rule, DOR initiated a formal rule-making process under MAPA and held a public hearing on May 8, 1991. At the hearing, there was much opposition to the new valuation method due to concerns regarding fiscal impact, the State's inability to audit the method appropriately, and the lack of appointed auditors. Support for the amendment came in the form of letters from contractors and mining companies.

On May 31, 1991, the Revenue Oversight Committee of the Montana Legislature presided over an additional hearing. There was no action taken as a result of this hearing. On June 3, 1991, notice of the adoption of the amendment to 42.21.131, ARM, adopting the acquired cost method, was published.

Plaintiffs Rosebud County and Phillips County filed an Amended Complaint for Injunctive and Declaratory Relief from the administrative rule at issue. On December 16, 1991, the District Court issued its Findings of Fact and Conclusions of Law and Order invalidating the administrative rule and amendment to 42.21.131, ARM, as adopted June 13, 1991. The DOR appeals from that order.

I.

Did the District Court err in denying DOR's motion to dismiss on the grounds that plaintiff suffered no actual harm?

The DOR claims that Rosebud County does not have standing to sue because it has not suffered any actual harm. In order to establish standing to sue, one need only show potential economic harm. Montana Human Rights Division v. City of Billings (1982), 199 Mont. 434, 443, 649 P.2d 1283, 1288. That court concluded the respondents did in fact have standing to assert the constitutional rights of their employees in refusing to disclose personal information about them without their consent or court order because doing so might place the respondents in jeopardy of being sued. City of Billings, 649 P.2d at 1288. In the case at bar, Rosebud County has a potential for harm caused by change in valuation of heavy equipment in the county. Rosebud County has a substantial

4

interest in the protection of its tax base. The District Court found that Rosebud County had standing to sue, and we agree.

## II.

Did the District Court err in denying DOR's motion to dismiss on the grounds that plaintiff, as a political subdivision of the State of Montana, does not have standing to sue the State itself?

Although DOR has cited School District No. 55 v. Musselshell County (1990), 245 Mont. 525, 802 P.2d 1252, for the proposition that Rosebud County lacks standing in the case at bar, the two cases can be distinguished by the type of relief sought. Rosebud County is suing for injunctive and declaratory relief, rather than damages. Since counties are considered to be persons under § 2-4-102(8), MCA, they possess all the rights of persons during administrative rule-making. Sections 2-4-302 and -305, MCA. Because of DOR'S failure to satisfy the procedural and substantive requirements of MAPA by not holding hearings prior to making its rule to change the method of determining the value of property, Rosebud is entitled to bring an action against the State to protect its statutory and constitutional interests. The District Court did not err in denying DOR's motion to dismiss.

## III.

Did the District Court err in declaring that DOR's attempt to amend 42.21.131, ARM, did not comply with the requirements set out in the Montana Administrative Procedure Act (MAPA)?

The Montana Administrative Procedure Act states in part as follows:

5

**2-4-302. Notice, hearing, and submission of views.**
(1) Prior to the adoption, amendment, or repeal of any rule, the agency shall give written notice of its intended action. The notice shall include a statement of either the terms or substance of the intended action or a description of the subjects and issues involved, the rationale for the intended action, and the time when, place where, and manner in which interested persons may present their views thereon.

. . . .

(3) If any statute provides for a different method of publication, the affected agency shall comply with the statute in addition to the requirements contained herein. However, in no case may the notice period be less than 30 days or more than 6 months.

(4) Prior to the adoption, amendment, or repeal of any rule, the agency shall afford interested persons at least 20 days' notice of a hearing and 28 days from the day of notice to submit data, views, or arguments, orally or in writing.

The DOR did none of these things prior to its attempt in January 1991 to adopt the acquired cost method.

The District Court found that after receiving objections regarding the implementation of an amended "rule" by administrative fiat in 1991, the DOR initiated the formal rule-making process. This process culminated in a public hearing on May 8, 1991.

During the administrative rule hearing on May 8, 1991, Adams met with a large contingent of county and state officials who appeared in opposition to the proposed rule change. There were no proponents of the proposed amendment in attendance at the meeting, although they did return form letters that had previously been distributed by Adams.

The rule-making process in this case was, in essence, a sham. The result was that the public, the Legislature, and certain

6

affected agencies were denied their right to participate effectively in the governmental process. The District Court did not err in finding that DOR's attempt to amend 42.21.131, ARM, was invalid.

IV.

Did the District Court err in concluding that DOR is required to assess all heavy equipment at 100 percent of its market value according to § 15-8-111, MCA, and that market value is not adequately determined by employing the "Acquired Cost Method"?

According to § 15-8-111(3), MCA, DOR is prohibited from assessing heavy equipment lower than 100 percent of market value. It should be noted that both Director Adams and Property Supervisor Noble agreed that the acquired cost method yields an assessment 22 percent less than market value. Therefore, the amendment is in conflict with § 15-8-111(3), MCA. Even if the amendment had been "reasonably necessary," this necessity was not demonstrated in DOR's notice of proposed rule making. Section 2-4-305(6)(b), MCA.

The substance and procedure of the rule making in this case is deficient, and the new rule in question is invalid.

We affirm the District Court.

_____
Justice

We concur:

_____
Chief Justice

7

_John Conway Harrison_

_Terry Trieweiler_

_R. C. McDonough_

_____

_____
Justices

Justice Karla M. Gray did not participate in this decision.

8

March 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


PAUL VAN TRICHT, Tax Counsel
Department of Revenue
Mitchell Building
Helena, MT 59620

LARRY SCHUSTER
Attorney at Law
1200 32nd Street South, #42
Great Falls, MT 59405

JOHN C. McKEON
Phillips County Attorney
P.O. Box 1279
Malta, MT 59538

John Alke and Chris D. Tweeten
Hughes, Kellner, Sullivan & Alke
P. O. Box 1166
Helena, MT 59624-1166


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy