JUSTICE McKINNON,
concurring.
¶21 I agree with the Court’s resolution of the disputed provisions of the Compact. I write separately only to address the State’s contention raised in its cross-appeal that the Board does not have standing because the Board’s claims are hypothetical and seek an advisory opinion by this Court.
¶22 The judicial power of the courts is limited to justiciable controversies. Reichert v. State, 2012 MT 111, ¶ 53, 365 Mont. 92, 278 P.3d 455. This limitation is premised upon both constitutional requirements and policy or prudential considerations. Plan Helena, *277 Inc. v. Helena Reg’l Airport Auth. Bd., 2010 MT 26, ¶ 6, 355 Mont. 142, 226 P.3d 567. The constitutional component derives from Article VII, Section 4, of the Montana Constitution which confers original jurisdiction on district courts in “all civil matters and cases at law and in equity.” Mont. Const. art. VII, § 4(1). This language has been interpreted as embodying the same limitations as those imposed on federal courts by the “case or controversy” provision of Article III, Section 2, of the United States Constitution. Olson v. Dep’t of Revenue, 223 Mont. 464, 469-70, 726 P.2d 1162, 1166 (1986). Thus, federal precedent interpreting Article III requirements for justiciability are persuasive authority for interpreting justiciability requirements of Article VII, Section 4(1), of the Montana Constitution. Plan Helena, ¶ 6.
¶23 In federal jurisprudence, “the irreducible constitutional minimum of standing has three elements: injury in fact (a concrete harm that is actual or imminent, not conjectural or hypothetical), causation (a fairly traceable connection between the injury and the conduct complained of), and redressability (a likelihood that the requested relief will redress the alleged injury).” Heffernan v. Missoula City Council, 2011 MT 91, ¶ 32, 360 Mont. 207, 255 P.3d 80 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992); Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 103, 118 S. Ct. 1003, 1016-17 (1998)). Regarding the first element, injury in fact, we have explained that a plaintiff must have suffered “a past, present, or threatened injury to a property or civil right, and that the injury would be alleviated by successfully maintaining the action.” Schoof v. Nesbit, 2014 MT 6, ¶ 15, 373 Mont. 226, 316 P.3d 831; accord Chipman v. Nw. Healthcare Corp., 2012 MT 242, ¶¶ 26-27, 366 Mont. 450, 288 P.3d 193. As to the requirement of present or threatened injury, “[ojther courts have held and we agree, that potential economic injury is sufficient to establish standing.” Mont. Human Rights Div. v. City of Billings, 199 Mont. 434, 443, 649 P.2d 1283, 1288 (1982). In Rosebud County v. Department of Revenue, 257 Mont. 306, 849 P.2d 177 (1993), a county’s substantial interest in the protection of its tax base and its potential for economic harm in the valuation of heavy equipment was sufficient to give the county standing to challenge administrative rules. Also, in Missoula City-County Air Pollution Control Board v. Board of Environmental Review, 282 Mont. 255, 937 P.2d 463 (1997), this Court held that a local air pollution control board established a threatened injury when it faced potential economic harm from the additional expenses necessary to monitor, collect, and analyze data and to develop a regulatory response pursuant to an administrative rule regulating *278 air pollution that applied within its jurisdiction.
¶24 This case is unique in that the dispute arises out of a provision in an agreement negotiated among the United States, the Confederated Salish and Kootenai Tribes (CSK), and the State of Montana. The Compact represents a negotiated compromise among the parties, in lieu of adjudicating the water claims of the CSK and its members in protracted, expensive, and uncertain litigation. See In re Crow Water Compact, 2015 MT 217, ¶ 6, 380 Mont. 168, 354 P.3d 1217. The Flathead Joint Board of Control is the joint board of operations for the Flathead Irrigation District, Mission Irrigation District, and Jocko Valley Irrigation District, which are elected local government bodies under Montana law. The Board is responsible for representing irrigators within its districts and overseeing irrigation operations. Other Appellants are Board members, property owners, and individual irrigators. Appellants allege that the Compact operates to immunize the State from any responsibility for money damages. Specifically, Appellants allege that the Compact creates a new administrative hierarchy with defined and unitary enforcement authority to administer and manage water of the several irrigation districts. Appellants maintain that the Compact’s immunity provisions will prohibit administrative bodies from awarding money damages and that the Compact operates to eliminate a party’s right to obtain money damages in any forum. Appellants allege an injury in fact on the basis of a threatened economic harm—the inability to be compensated for injuries as a result of an unconstitutional immunization provision—which they argue is imminent because the Montana Legislature approved the Compact and it became law. Appellants argue that, although the Compact has not been ratified by Congress, planning, design, and implementation of adaptive management programs has already begun to occur prior to the Compact’s effective date.
¶25 I would conclude that Appellants have alleged a threatened economic injury and that the threatened injury is imminent. Appellants’ rights under the Compact have been conclusively established by the Montana Legislature, absent review by this Court. While the Compact requires approval by other parties to become effective, as it relates to the Board, irrigators, and property owners, the Compact has been adopted in Montana and is currently being implemented by the Compact Implementation Technical Team (CITT). The Compact is no longer imminent in Montana, but has become Montana law, § 85-20-1901, MCA. The delay in ratification by the remaining parties does not disfranchise Appellants of standing when *279 they seek a determination of their rights under a Montana law they assert is unconstitutional. Appellants’ injuries and challenges are distinguishable from those of the taxpayers we concluded did not have standing in Mitchell v. Glacier County, No. DA 16-0716, 2017 MT 258, 389 Mont. 122, 406 P.3d 427, 2017 Mont. LEXIS 649 (Oct. 25, 2017). In Mitchell, taxpayers alleged errors in the county’s budgeting and accounting of revenues and a failure of the county to comply with the Single Audit Act. We held that although there were deficit balances in particular funds, the county’s total government funds were more than adequate to meet the county’s needs and taxpayers could not show that an increase in taxes was actual or imminent. Mitchell, ¶ 37. As taxpayers were unable to demonstrate an injury in fact and had not raised a constitutional challenge to the Single Audit Act, we found they lacked standing. Mitchell, ¶ 43.
¶26 Here, Appellants challenge the constitutionality of a recently enacted statute that would eliminate their rights to obtain money damages in any forum. Appellants are either water users of the district or are responsible for representing water users and overseeing irrigation operations. The Compact has become Montana law and is being implemented by the CITT. The Appellants, in my view, have demonstrated a threatened injury in fact and satisfied the first requirement for constitutional standing. The remaining elements for constitutional standing—causation and redressability—are also established. If Appellants were to successfully challenge the immunity provisions, those provisions would be declared unconstitutional.
¶27 The constitutional requirements of standing have been described as “absolute,” while the prudential limitations have been described as “malleable.” Schoof, ¶ 15. Having found that Appellants meet the constitutional minimum requirements for standing, there remains the prudential limitation of standing to consider. These are discretionary limits on the exercise of judicial power that “cannot be defined by hard and fast rules Air Pollution Control Bd., 282 Mont. at 260, 937 P.2d at 466. For example, a litigant may only assert her own constitutional rights or immunities, Jones v. Mont. Univ. Sys., 2007 MT 82, ¶ 48, 337 Mont. 1, 155 P.3d 1247, and the alleged injury should be distinguishable from the injury to the public generally, though not exclusive to the plaintiff, Bd. of Trs. v. Cut Bank Pioneer Press, 2007 MT 115, ¶ 15, 337 Mont. 229, 160 P.3d 482, superseded by statute, 20 U.S.C. § 1232g(a)(4)(A), as recognized in Krakauer v. State, 2016 MT 230, ¶ 22, 384 Mont. 527, 381 P.3d 524. Prudential limitations of standing generally involve a weighing of the fitness of the issues for judicial decision and the hardship to the parties of withholding court *280 consideration. Reichert, ¶ 56. The principal consideration under the fitness inquiry is whether there is a factually adequate record upon which to base effective review. Reichert, ¶ 56; Havre Daily News, LLC v. City of Havre, 2006 MT 215, ¶ 20, 333 Mont. 331, 142 P.3d 864. Finally, there is the countervailing factor weighing against these prudential restrictions of whether the question is important to the public. Air Pollution Control Bd., 282 Mont. at 260, 937 P.2d at 466.
¶28 None of the prudential limitations to standing exist in these proceedings. The Appellants have existing water rights and management responsibilities which are clearly affected by the Compact, rights that are distinguishable from the public generally. Moreover, the inquiry here requires the Court to examine the terms of the Compact in relation to the requirements of Article II, Section 18, of the Montana Constitution. It is a question which is nearly entirely one of law and not dependent upon additional facts to aid the Court’s inquiry. See Havre Daily News, ¶ 20. The record is factually adequate to enable this Court to make the necessary legal determinations.
¶29 Weighing heavily in favor of finding standing is the significance to the litigants of having the constitutionality of the Compact’s immunity provisions conclusively determined. This is the “countervailing factor weighing against ... prudential restrictions,” Heffernan, ¶ 33, and I fully agree with the Court in its recognition that “[dietermining the State constitutional challenge now will also resolve any cloud over the deliberations of Congress and the CSK Tribes in considering the Compact.” Opinion, ¶ 12. In my view, deferring a determination of the challenged provisions until ratification of the Compact by Congress, the CSK, and the Montana Water Court would consume valuable resources with no corresponding benefit were we to conclude after the parties’ ratification that the immunity provisions of the Compact were unconstitutional. Clearly, the circumstances here, which require ratification of a negotiated agreement by federal, state, and tribal governments, and approval of the Montana Water Court, are unique. The complexities of ratification by the various government entities necessitate a delay in the effective date of the Compact, although Appellants’ rights have been conclusively determined by the Montana Legislature. Under these unique circumstances, I would find Appellants have alleged an imminent, threatened injury under Montana law and constitutional requirements for standing have been met; further, prudential considerations of standing favor this Court substantively addressing the merits of this appeal.
¶30 I otherwise concur in the Court’s decision.
JUSTICE BAKER joins in the concurring Opinion of JUSTICE *281 McKinnon.