FILED

07/30/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0317

DA 23-0317

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 159

TOWN OF KEVIN,

      Plaintiff and Appellee,

  v.

NORTH CENTRAL MONTANA
REGIONAL WATER AUTHORITY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                  In and For the County of Hill, Cause No. DV-20-055
                  Honorable Kaydee Snipes Ruiz, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Judd M. Jensen, Troy L. Bentson, Browning, Kaleczyc, Berry & Hoven,
                P.C., Bozeman, Montana

        For Appellee:

                Jack G. Connors, Doney Crowley P.C., Helena, Montana

                        Submitted on Briefs:  May 22, 2024

                                 Decided:  July 30, 2024

Filed:

                        _____
                                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     North Central Montana Regional Water Authority (the Authority) appeals from the March 30, 2023 Order Granting Motion for Attorney Fees of the Twelfth Judicial District Court. The District Court held that equitable factors favored the Town of Kevin (the Town) and awarded it attorney fees under the Uniform Declaratory Judgment Act (UDJA). We affirm.

¶2     We restate the issues on appeal as follows:

*Issue One: Did the District Court err by awarding attorney fees from one governmental entity to another governmental entity?*

*Issue Two: Did the District Court err when it found that equitable factors supported the award of attorney fees to the Town?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3     The Authority was created in 2000 when several municipalities and county water and sewer districts signed an interlocal agreement under the Interlocal Cooperation Act and Regional Water and Wastewater Authority Act. *See* §§ 7-11-101, −108; §§ 75-6-301, −329. The Town of Kevin is a small municipality of fewer than 175 residents. The Town did not sign the original agreement, although the Town signed several later documents purporting to join the Authority, which were part of the dispute below but are not on appeal here. The Town attempted to break any ties to the Authority multiple times, but the Authority resisted.

¶4     On May 29, 2020, the Town sued the Authority, seeking a declaratory judgment under the UDJA that the Town was not, and never has been, a member of the Authority among other declaratory relief. The complaint also sought attorney fees. The District

2

Court held a bench trial and on November 10, 2022, issued its Findings of Fact, Conclusions of Law, and Order (Order) declaring that the Town is not, and has never been, a member of the Authority and granting other relief.

¶5 Thereafter, the Town filed a motion for attorney fees pursuant to the UDJA, § 27-8-313, MCA, which allows further relief based on a declaratory judgment to be granted "whenever necessary or proper." The District Court held a hearing on the motions. On March 30, 2023, the District Court found that equity supported an award of fees because the parties are not similarly situated and awarded the Town its reasonable attorney fees. The Authority appeals only the order granting the Town its attorney fees.

**STANDARD OF REVIEW**

¶6 We review de novo whether there is legal authority to award attorney fees. *JRN Holdings, LLC v. Dearborn Meadows Land Owners Ass'n*, 2021 MT 204, ¶ 18, 405 Mont. 200, 493 P.3d 340. If legal authority exists, we review a district court's grant or denial of attorney fees for an abuse of discretion. *JRN Holdings*, ¶ 18.

**DISCUSSION**

¶7 *Issue One: Did the District Court err by awarding attorney fees from one governmental entity to another governmental entity?*

¶8 Montana generally follows the American Rule regarding attorney fees: absent a specific contractual or statutory provision, a party may not recover attorney fees in a civil action. *JRN Holdings*, ¶ 48. We have held that § 27-8-313, MCA, allowing additional relief under the UDJA "whenever necessary or proper" is one statutory basis for attorney

3

fees.  *See JRN Holdings*, ¶ 48.  Thus, there is legal authority for attorney fees here, where the Town sued for declaratory relief under the UDJA and prevailed.

¶9      Nevertheless, the Authority seeks a bright-line rule that prevents one governmental subdivision from seeking attorney fees from another governmental subdivision because of our holding that, absent a statutory or constitutional provision, "one governmental subdivision may not sue another *for damages*" because, in effect, the state is suing itself and the same taxpayers would have to pay as would benefit.  *Dist. No. 55 v. Musselshell Cnty.*, 245 Mont. 525, 528–29, 802 P.2d 1252, 1254–55 (1990) (emphasis added).  While the Authority concedes that one governmental subdivision may sue another governmental subdivision for injunctive and declaratory relief, *see Rosebud Cnty. v. Dep't of Revenue*, 257 Mont. 306, 309–10, 849 P.2d 177, 179 (1993), the Authority argues that attorney fees are a "special type of damage," citing *Nat'l Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916 (8th Cir. 1997), and should thus not be allowed under our holding in *Musselshell County*.

¶10     *National Liberty* is inapposite.  The Eighth Circuit held that "[a]ttorney's fees are 'special damages' that parties are required to plead under Rule 9(g) of the Federal Rules of Civil Procedure" and thus, because the party had not sought attorney fees in their pleadings or sought to amend their pleading, the district court had not abused its discretion in denying the motion for fees.  *Nat'l Liberty Corp.*, 120 F.3d at 916–17.  But the fact that attorney fees are considered "special damages" under F. R. Civ. P. 9 and must be pleaded to recover them does not mean that they automatically fall under the holding of *Musselshell County*

4

such that a governmental subdivision may not recover them from another governmental subdivision.[1]

¶11 Additionally, whether attorney fees are considered "damages" is a case-specific inquiry. *Compare Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 228 Mont. 505, 508, 744 P.2d 871, 873 (1987) ("We have consistently held that attorney fees are not an element of 'damages' in interpreting a specific statutory grant or contract provision."), *with State ex rel. Shea v. Cocking*, 66 Mont. 169, 176, 213 P. 594, 596 (1923) (holding that attorney fees are "damages" allowed within mandamus statute).[2] We do not find the narrow argument offered by the Authority helpful in our analysis. Whether called "damages" or not, we have consistently upheld awards of attorney fees against governmental entities under § 27-8-313, MCA. *See, e.g.*, *City of Helena v. Svee*, 2014 MT 311, ¶ 27, 377 Mont. 158, 339 P.3d 32.

¶12 We have also affirmed attorney fee awards between two governmental subdivisions before. *See State ex rel. Dep't of Health & Envtl. Scis. v. Lincoln Cnty.*, 178 Mont. 410, 417–18, 584 P.2d 1293, 1297–98 (1978), *overruled in part on other grounds by Trs. of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶ 46, 315 Mont. 210, 69 P.3d 663. There, Lincoln County argued that there was no purpose in awarding fees between two branches of the same

---

[1] Nor have we applied *National Liberty's* reasoning to M. R. Civ. P. 9.

[2] We have also allowed attorney fees incurred against a third party as an element of compensatory damages against a tortfeasor in duty of fair representation claims. *See Folsom v. Mont. Pub. Emps. Ass'n*, 2017 MT 204, ¶¶ 41–48, 388 Mont. 307, 400 P.3d 706; *see also Jacobsen v. Allstate Ins. Co.*, 2009 MT 248, ¶¶ 17–23, 351 Mont. 464, 215 P.3d 649 (attorney fees not an element of "damages" under the Montana Unfair Trade Practices Act and declining to extend the American Rule to allow attorney fees as an element of damages in the context of third party insurance bad faith claims).

sovereign. However, unlike in *Musselshell County*, the "tax sources [were] not the same and the revenues derived therefrom [were] separate and independent." *Lincoln Cnty.*, 178 Mont. at 418, 584 P.2d at 1297. Thus, we found it appropriate to award attorney fees to the Department of Health and Environmental Sciences when it successfully sued Lincoln County to enforce a state law. Similarly, here the Town and Authority derive their income from different sources.[3] The UDJA allows for attorney fees "when necessary and proper," including against governmental entities. *Buxbaum*, ¶ 46; *Svee*, ¶ 27.

¶13   We affirm that the UDJA provides a legal basis for attorney fees between two governmental subdivisions when appropriate.

¶14   *Issue Two: Did the District Court err when it found that equitable factors supported the award of attorney fees to the Town?*

¶15   The Authority asserts that an award of attorney fees is not justified in every declaratory judgment action and only appropriate where such relief is necessary or proper under the statute. *Mungas v. Great Falls Clinic, LLP*, 2009 MT 426, ¶ 43, 354 Mont. 50, 221 P.3d 1230.

¶16   The threshold question for an award of attorney fees under the UDJA is whether equities support an award. *Svee*, ¶ 20. After considering the equities, the court applies the "tangible parameters test," which we adopted from the Ohio Court of Appeals owing to the nebulous language of "necessary or proper." *Svee*, ¶ 22; *see also Buxbaum*, ¶¶ 42–45. We adopted this analytical framework not to define the exclusive circumstances justifying an

---

[3] We do not hold or analyze in this opinion whether there is a legal basis for attorney fees between two governmental subdivisions who both derive their income from the same source. There may be other good reasons for such an award that are not before us here.

award of attorney fees as necessary or proper, but to articulate some tangible parameters for district courts to consider when awarding fees in declaratory judgments. *Buxbaum*, ¶ 43; *Svee*, ¶ 24. Thus, although not exclusive, the tangible parameters test often considers whether (1) the defendant possesses what the plaintiff sought in the declaratory relief action; (2) it is necessary to seek a declaration showing the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary to change the status quo. *Svee*, ¶¶ 22, 24; *see Buxbaum*, ¶¶ 42–45.

¶17 Beginning with the equities, one equitable consideration is whether the parties are similarly situated. *Svee*, ¶ 20. In *Svee*, we concluded that the parties were not similarly situated because the prevailing party "had significantly less resources to litigate" than the City. *Svee*, ¶ 21.

¶18 Here, the District Court found that the parties were not similarly situated. The Town—of fewer than 175 residents—paid over $55,000 in legal fees out of its own bank account. This amounts to an approximate cost of $300 per resident. On the other hand, the Authority's membership consists of 26 of the largest cities, towns, and water districts in north-central Montana, spreading out its costs among a much larger base. Additionally, the Authority has had access to grant funding from the state for much, if not all, of this litigation. The Town had significantly less resources to litigate than the Authority. *Svee*, ¶ 21. The Authority does not challenge these findings on appeal and have thus conceded the issue. *See Barrett v. State*, 2024 MT 86, ¶ 42, 416 Mont. 226, 547 P.3d 630.

¶19 Next, under the tangible parameters test adopted in *Buxbaum* and *Svee*, there is no dispute that the Authority possessed what the Town needed and that it was necessary to

7

seek a declaration to get the relief and change the status quo. The District Court found the Town offered to settle the case numerous times and the Authority never seriously entertained the possibility of settlement but forced it to trial. The Authority repeatedly refused to settle because it did not want to set a precedent for other members to withdraw. An email from the general manager of the Authority recognized that "Kevin leaving is really not the issue." The Authority concedes these issues on appeal as well. *Barrett*, ¶ 42.[4] Thus, because the Authority had what the Town desired (recognizing the Town as not a member), it was necessary to seek a declaration (because the Authority refused all the Town's prior attempts to withdraw), and the declaratory relief was necessary to change the status quo (because the Authority was no longer allowed to hold the Town out as a member), the District Court did not abuse its discretion in awarding attorney fees to the Town as necessary or proper.

¶20 The Authority also argues that they did not act frivolously or in bad faith in litigating this matter. Like with the private attorney general doctrine, bad faith is only one of several equitable considerations under the UDJA that may support an award of attorney fees and thus is not a necessary showing if other equitable factors are present. *Cf. Forward Mont. v. State*, 2024 MT 75, ¶ 30, 416 Mont. 175, 546 P.3d 778; *see also Hughes v. Ahlgren*,

---

[4] We note that the Authority did not provide this Court with transcripts from the relevant proceedings as required by M. R. App. P. 8(2). The Authority responds that it contacted the clerk of court after noticing that the transcripts had not been timely filed and the transcripts were never completed because the court reporter had left employment with the court shortly after the Authority requested the transcripts. Nevertheless, it remains the Authority's duty to provide necessary transcripts and it never filed a motion with the court to supplement the record or for an extension of time under Rules 8(6) and 9(3)(b). While we may dismiss the appeal when the record is insufficient, Rule 8(2), we choose not to here because of the first legal issue presented. However, we cannot say that the District Court's findings of fact are clearly erroneous without the transcript.

2011 MT 189, ¶¶ 19–20, 361 Mont. 319, 258 P.3d 439 (first addressing whether the parties were similarly situated and then addressing whether the plaintiff had brought the litigation in bad faith as an alternate equitable consideration); *JRN Holdings*, ¶¶ 60–61 (same). Because we affirm the District Court that the parties were not similarly situated, we need not discuss the parties' bad faith arguments.

## CONCLUSION

¶21 There is a legal basis for an award of attorney fees between governmental entities. The District Court did not abuse its discretion in awarding attorney fees to the Town when equities and tangible parameters supported the award.

¶22 Affirmed.


/S/ MIKE McGRATH


We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE